REBECCA LIEBMAN, Plaintiff, *v.* SAM SIROTA, Defendant.

Second Department, December 7, 1917.

**Real property — partition by agreement between executors and all interested in estate.**

Where a will divided an estate equally between the wife and children of the testator, giving the executors the power and authority to sell and execute conveyances of the real estate, and a daughter was not given any interest in any specific real property but her interest was general and limited to the use for life of an equal undivided one-ninth part of the estate, with an additional right to dispose of it at her death, and her share of the realty was by agreement set apart and conveyed in trust for her sole use and benefit, she had no further right or interest in any specific real property, and a partition thereof executed by the executors and all the members of the family was legal and valid and conveyed a good title.

SUBMISSION of a controversy upon an agreed statement of facts pursuant to section 1279 of the Code of Civil Procedure.

*Robert H. Wilson,* for the plaintiff.

*Morris Wolfman,* for the defendant.

RICH, J.:

This is a submitted controversy upon agreed facts under the provisions of section 1279 of the Code of Civil Procedure, and presents the following facts:

The parties entered into a written contract, by the terms of which the plaintiff agreed to sell, and the defendant to purchase, real property in the borough of Brooklyn known as No. 20 Thornton street, title to which is claimed by the

plaintiff to have been acquired by her through certain wills, agreements and deeds, executed and given under the following circumstances:

The premises were formerly, and at the time of his death, owned in fee by Leonhard Eppig, who died on April 9, 1893, leaving a widow and eight children him surviving, and a last will and testament and two codicils thereto, which were later together duly admitted to probate as a will of real and personal property.

The will first authorized and empowered the executors to carry on the brewery business of the decedent, with full power to buy and sell all needed materials until such time as they might sell and dispose of the same. Second, in connection with the guardian therein named of decedent's infant children, and with the consent of the adult children, to convert such brewery business into a business corporation, conveying to such corporation said business, with all its assets, real and personal, together with such a sum of money as might be deemed necessary for a working capital, and directing that the capital stock of such corporation, if formed, be divided equally between the widow and children of the testator, each holding his or her share in severalty.

The fourth, fifth and sixth subdivisions of said will are as follows:

" *Fourth.* Subject to the foregoing provisions, I give, devise and bequeath all my real and personal estate to my wife, Margaretha Eppig, and my children to be divided between them in equal shares. * * *

" *Fifth.* I authorize and empower my executors, or the survivor of them, to sell, grant and convey, and to lease my real and personal estate, or any portion of the same, and to execute and deliver good and sufficient deeds and conveyances for the same.

" *Sixth.* I appoint, make and nominate my beloved wife, Margaretha Eppig, and my brother-in-law, Adam Schwind, to be the executors of this my Last Will and Testament, and to be the guardian of the persons and estates of my minor children."

By his first codicil the testator provided as follows:

" *First.* I hereby revoke and declare null and void the

Second Department, December, 1917.     [Vol. 180.

provisions in my said Will wherein I devise and bequeath to my said daughter, Margaret, absolutely, an equal share of my real and personal estate, also the appointment of Adam Schwind as executor of my said will.

" *Second.* I give, bequeath and devise the net income of an equal share of my said estate to my said daughter Margaret during her natural life. I also hereby give my said daughter power and authority to give, bequeath and devise by her Last Will and Testament the principal of such equal share as follows: One undivided third part to a church or churches; one undivided third part thereof to a convent or convents; the remaining undivided one-third part thereof to a hospital or hospitals; or if she wishes she may so dispose of the whole or any part of such share to the immediate members of my family or either of them.   *  *  *

" In all other respects I hereby ratify and confirm my said Last Will and Testament."

The provisions of the second codicil are immaterial, having no application to the questions here presented.

On July 16, 1902, the widow and eight children entered into a written agreement for a division between themselves of a large part of the real property of which the testator died seized, and for the making of mutual deeds carrying such agreement into effect. By such division the involved premises, No. 20 Thornton street, were set apart for, and to be conveyed to, John Adam Eppig, a son and one of the executors.

Four lots on the corner of Central avenue and George street were set apart for, and to be conveyed to, Margaretha Eppig and John Adam Eppig, as trustees for the daughter Margaret G. Eppig. In accordance with this agreement, deeds were executed conveying to the widow and children the shares in said real property as agreed.

The conveyances were all based upon valuable considerations, and constituted a fair and equal division of the real estate of the decedent between his widow and children.

The share or interest of the daughter Margaret was conveyed to the widow and executrix (Margaretha Eppig), and the son and executor (John Adam Eppig) by a deed in which the executors of the deceased united with his widow and eight children. This conveyance represented the equal share in the

estate, in which the daughter Margaret was given a life estate by the will, and conformed strictly to the provisions of the first codicil.

The premises involved, with the other real property allotted to John Adam Eppig, were conveyed to him by a deed in which the executors united as grantors with the widow and eight children of the deceased. John Adam Eppig subsequently died, devising the involved premises by his last will and testament, duly admitted to probate as a will of real and personal property, to his wife, Kate B. Eppig, from whom the plaintiff, through sundry mesne conveyances, acquired the title thereto. The defendant refused to accept the deed tendered by the plaintiff, upon the ground that she was unable to convey a marketable title to the premises because of the insufficiency of the conveyance by said Margaret Eppig, life tenant, to her brother, John Adam Eppig, such deed not being equivalent to, or in conformity with, her right of disposition by will given her by the codicil of her deceased father, and the sole contention of the defendant is that the daughter, Margaret Eppig, could not give good title to the property in question by deed, because the only power she had was the power to dispose by devise.

The will divided the estate equally between the wife and children of the testator, giving the executors the power and authority to sell and execute conveyances of the real estate. Margaret was not given an interest in any specific real property. Her interest was general, and limited to the use for life of the equal undivided one-ninth part of the estate, with the additional right to dispose of it at her death to all, or any of the members of the testator's family.

Her equal share of the realty having been by agreement set apart and conveyed in trust for her sole use and benefit, she had no further right or interest in the premises conveyed to John Adam Eppig; he did not derive title thereto through her, but through the executors (with whom the widow and other children united), who were authorized to execute the conveyance by the will of their testator, and such conveyance vested in him a good title in fee to such property.

The partition of the estate was legal and valid; the title to No. 20 Thornton street vested in John Adam Eppig upon the

conveyance to him thereof, and the plaintiff is now the owner in fee simple of such property, and the deed she tendered was in full compliance with her contract obligation.

Judgment is directed in favor of the plaintiff, in conformity with her demand therefor contained in the eighteenth subdivision of the submission, without costs to either party.

JENKS, P. J., STAPLETON, PUTNAM and BLACKMAR, JJ., concurred.

Judgment directed in favor of the plaintiff, in conformity with her demand therefor contained in the eighteenth subdivision of the submission, without costs to either party.