JACOB BOTSCHERER and Another, as Executors, etc., of REGINA H. EPPIG. Deceased, Plaintiffs, *v.* WILLIAM PHILLIPS, Defendant.

Supreme Court, Kings County, September 21, 1928.

*Nicholas Dietz,* for the plaintiffs.

*Hays, St. John & Buckley,* for the defendant.

CALLAGHAN, J. This action involves the question of title to a parcel of property which, at the time of his death, was owned by Leonard Eppig. He died in 1893, leaving a will which, among other things, gave his real estate to his widow and eight children, or the survivors thereof, in equal shares. By a codicil the bequest to the testator's daughter Margaret G. Eppig was changed so as to provide as follows: " I give, bequeath and devise the net income of an equal share of my said estate to my said daughter Margaret during her natural life. I also hereby give my said daughter power and authority to give, bequeath and devise by her last will and testament the principal of said equal share as follows: One undivided 3rd part to a Church or Churches, one undivided 3rd part thereof to a Convent or Convents, the remaining undivided third part to a Hospital or Hospitals, or if she wishes she may so dispose the whole or any part of said share to the immediate members of my family or either of them." The will gave a discretionary power of sale to the executors. That power extended to the interest owned by Margaret G. Eppig. But instead of

having the property sold through the executors, the widow and all the children, including Margaret G. Eppig, entered into a contract wherein they are described as the devisees and the heirs and next of kin of Leonard Eppig. By the terms of that agreement all the real estate was partitioned. The share set aside for Margaret G. Eppig was, however, conveyed by a deed in which the executors of Leonard Eppig joined as grantors to those executors as trustees for the benefit of the said Margaret G. Eppig. The deed conveying her share to the trustees provided as follows: " In trust nevertheless, that is to say, to receive the interest, profits and income thereof from time to time and to apply the same when received to the use of Margaret G. Eppig — during her natural life and at her death to convey the aforesaid premises or distribute the proceeds thereof if the same has been sold among the devisees and legatees as directed in the Last Will and Testament of said Margaret G. Eppig and if there be no such last Will and Testament to convey or pay over as the case may be the premises or the proceeds thereof to the heirs at law and next of kin of the said Margaret G. Eppig. Nevertheless if the provision of her will in any wise conflict with the provisions of the Last Will and Testament of said Leonard Eppig, deceased, concerning the share of said Margaret G. Eppig in his estate, then and in such case the provisions contained in such last mentioned will shall control the distribution of such property or proceeds." The premises in question are known as 97 Central avenue and were owned by Leonard Eppig at the time of his death. By the partition agreement that property went to the widow, Margaret Eppig, who, by her will, gave it to her eight children, share and share alike. Another partition agreement was entered into by the children, and the share of her property belonging to Margaret G. Eppig was again placed in trust for her benefit during life and at her death the trust estate is given to the surviving children or their issue. The property known as 97 Central avenue was, by the terms of the second partition agreement, set aside for, and a deed made, in which all the heirs joined, conveying that property to Frank Eppig. He died and by his will that property was given to Regina H. Eppig, now deceased, and her executors bring this action to compel the defendant to specifically perform a contract which he made to purchase that property.

·Much is said about the nature of the estate created in the daughter, Margaret G. Eppig, but the exact nature of that estate has been definitely and finally settled by the decision in *Vincent v. Rix* (248 N. Y. 76). It is no longer open to question that the will of Leonard Eppig did not create a trust in favor of his daughter, but it gave her the right to use and enjoy an equal share of his

property during her life. By the terms of the Leonard Eppig will she was requested or permitted to give the property either to a church or churches, a convent, hospital, or, if she chose, to the immediate members of testator's family or either of them, any or all of her brothers and sisters, without a definite direction as to the church, convent or hospital that was to receive the *corpus* of the trust estate upon her death. She is now living and has, by her act, estopped herself from passing title by her will, and the will of Leonard Eppig is so indefinite as to what institution he desired to receive the property ultimately, that in the event of Margaret G. Eppig dying intestate it must necessarily be held that Leonard Eppig died intestate as to the property set aside by the partition agreement for the use and benefit of Margaret G. Eppig. The children of Leonard Eppig, who were mentioned as possible recipients of the *corpus* of the trust fund, have, by their *acts*, estopped themselves from claiming under that provision in question of Leonard Eppig's will. But it is urged by the defendant that the very purpose which Leonard Eppig, his " immediate family," had in mind has been defeated by the partition agreement, in so far as the interest of Margaret G. Eppig is concerned, in that by the partition agreement, instead of receiving one-ninth of the income during her life, she receives the income of one-ninth of his estate. But the testator left an estate of about forty parcels of real estate. There were many complications. Those in interest, as well as the executors, no doubt found great difficulty in reaching a method by which a fair distribution in accordance with the intent of the testator could be made, and while there might have been some slight digression from his wishes, yet all the parties were satisfied and are now making no complaint and a disposition was made by them which for all practical purposes is perhaps the best which could be worked out and it should not at this time be disturbed. All of the children as well as the widow executed each of the deeds which carried into effect the provision of the partition agreement, and while the executors could not under a power of sale in a will partition the property, they joined in the deed to Margaret G. Eppig which, in so far as her interests are concerned, may be regarded as the exercise of the power of sale. I have reached the conclusion, therefore, that the widow and each of the children of Leonard Eppig has good title to the property conveyed to each, and this is the same result which was reached by the Appellate Division when a similar question was raised about part of the property which was owned by Leonard Eppig and which went to his son John Adam Eppig by the same process that the property in question became vested in the widow. (*Liebman* v.

*Sirota,* 180 App. Div. 490.) That decision is no doubt the law of this case and might have been followed here without any discussion, but counsel have been at great pains to prepare and submit interesting and instructive briefs which have been helpful in the disposition of this action, and their consideration for the court in thus presenting the question so ably has led to a thorough consideration of all the questions involved, with the result that I find the plaintiffs can convey a good and marketable title to the premises in question. Judgment is, therefore, rendered for the plaintiffs, but as the parties have stipulated that in no event shall costs be awarded the judgment will be without costs.