THE FARMERS' LOAN AND TRUST COMPANY, as Trustee under a Deed of Trust, Dated February 3, 1920, Made by HELEN C. BOSTWICK, Appellant, *v.* EGERTON L. WINTHROP, JR., as Executor of EVELYN B. VORONOFF, Deceased, et al., Respondents, and DOROTHY S. B. SMITH et al., Appellants.

**Decedent's estate — trust — gift — when must be construed as executory and future — execution and delivery as part of single plan of deed of trust, powers of attorney and letter of instructions to trustee — failure to express purpose to effectuate present gift — when transaction inchoate — transaction not sustainable as declaration of a trust — no equitable assignment nor powers in trust.**

1. Where counsel, learned in the law, in the preparation of a deed and documents, rejected familiar formulas that would have given unmistakable expression to the transfer of a present title and chose

words and methods appropriate to a gift that was conceived of as executory and future, this court must take the transaction as counsel made it. The very facility with which they could have made it something else is a warning that we are not at liberty, under the guise of construction, to make it other than it is.

2. Where, at the time of executing a deed of trust giving to the trustee a sum of money and reserving the right to deliver additional property thereafter, and, as part of and with intent to effectuate a single plan, the donor executed three other documents, one, a power of attorney whereby she authorized the trustee as her attorney to collect and receive all property to which she might be entitled under any decree or order entered in a proceeding then pending for the settlement of the accounts of a certain trustee; the second, a power of attorney authorizing her said trustee to sell and transfer stocks, and the third, a letter addressed to her said trustee stating that she handed to it the described powers of attorney and giving instructions in regard to the action to be taken thereunder, but neither in the deed nor in the letter can be found any expression of a purpose to effectuate a present gift of the expected property, but both alike were framed on the assumption that the gift was executory and future, the transaction, viewed as a gift, was inchoate, and property, to which the right of the donor was established prior to her death, on the said accounting, but which had been retained in the custody of the accounting trustee and delivered to her executor after her death, does not pass under the deed.

3. The transaction, failing as a gift because inchoate or incomplete, cannot be sustained as the declaration of a trust. The donor had no intention of becoming a trustee herself. The donee never got title and so could not hold it for another. There was no equitable assignment. Equity does not enforce a voluntary promise to make a gift thereafter. Nor was there a power in trust. Such a power may be created only by a will, or by an instrument sufficient to pass an estate or interest in the property to which the power relates.

    *Farners' Loan & Trust Co.* v. *Winthrop*, 207 App. Div. 356, modified.

(Argued June 4, 1924; decided July 5, 1924.)

Appeals from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered March 14, 1924, modifying and affirming as modified a judgment entered upon the report of a referee.

*Charles Angulo* for plaintiff, appellant.

*Charles Green Smith* and *Lawrence Atterbury* for Dorothy S. B. Smith et al., defendants, appellants. The transaction of February 3, 1920, effected a valid transfer to her trustee of the entire fund coming to Mrs. Bostwick from the United States Trust Company accounting. (*Kekewich* v. *Manning*, 50 Eng. Ch. 175; *Martin* v. *Funk*, 75 N. Y. 134; *Van Cott* v. *Prentice*, 104 N. Y. 45; *Grymes* v. *Horn*, 49 N. Y. 17; *Ridden* v. *Thrall*, 125 N. Y. 572; *Orton* v. *Tannenbaum*, 194 App. Div. 214; *Gilkinson* v. *Third Ave. R. R.*, 47 App. Div. 476; *Matter of Masury*, 28 App. Div. 580; *Gannon* v. *McGuire*, 160 N. Y. 476; *Susman* v. *Whyard*, 149 N. Y. 127; *McKenzie* v. *Harrison*, 120 N. Y. 260; *Kiddell* v. *Farnell*, 26 L. J. 818.) The powers of attorney were in intent imperative special powers in trust and they survive. (*Hutton* v. *Benkard*, 92 N. Y. 295; *Matter of Moehring*, 154 N. Y. 423; *Matter of Cooksey*, 182 N. Y. 92; *Blanchard* v. *Blanchard*, 4 Hun, 287; 70 N. Y. 615; *Renolds* v. *Denstow*, 80 Hun, 359; *Cahill* v. *Russell*, 140 N. Y. 402; *Towler* v. *Towler*, 142 N. Y. 371; *Delaney* v. *McCormack*, 88 N. Y. 174; *Stanley* v. *Payne*, 65 Misc. Rep. 77.)

*Albert Ritchie* for New Rochelle Trust Company et al., as general guardians of Albert C. Bostwick et al., defendants, appellants. The gift to the trustee of the disputed property was complete. The intention was manifest and the delivery was sufficient. (*Brown* v. *Spohr*, 180 N. Y. 201; *Matter of Cohn*, 187 App. Div. 292; *Matter of Mills*, 172 App. Div. 530; 219 N. Y. 642; *McGavic* v. *Cossum*, 72 App. Div. 35; *Hawkins* v. *Union Trust Co.*, 187 App. Div. 472; *Gilkinson* v. *Third Ave. R. R. Co.*, 47 App. Div. 472; *Grymes* v. *Horn*, 49 N. Y. 17; *Ridden* v. *Thrall*, 125 N. Y. 272; *Westerlo* v. *DeWitt*, 36 N. Y. 340; *Gray* v. *Barton*, 59 N. Y. 86; *Bump* v. *Platt*, 84 Hun, 201; *Champney* v. *Blanchard*, 39 N. Y. 117; *Hall* v. *O'Brien*, 218 N. Y. 50.) The power given by Mrs. Bostwick to the Farmers' Loan and Trust Company to collect and

receive the securities in question was the power in trust. (*Delaney* v. *McCormack*, 88 N. Y. 174; *Farron* v. *McCue*, 89 N. Y. 139; *Cutting* v. *Cutting*, 86 N. Y. 522; *Matter of Kellogg*, 187 N. Y. 355; *Belmont* v. *O'Brien*, 12 N. Y. 394; *Dowling* v. *Marshall*, 23 N. Y. 366; *Cutler* v. *Winberry*, 179 App. Div. 221; *Matter of Pye*, 18 Ves. Jr. 140; *Selden* v. *Vermilyea*, 1 Barb. 58.)

*Henry L. Stimson, Frederick W. Stelle* and *Arthur E. Pettit* for Egerton L. Winthrop, Jr., as executor, defendant, respondent. The evidence failed to establish that Mrs. Bostwick intended to make delivery of the disputed securities, either actual or constructive, by the execution and delivery of the instruments of February 3, 1920; on the contrary, the evidence is clear that no such delivery was intended. (*Augsbury* v. *Shurtliff*, 180 N. Y. 138; *Spencer* v. *Standard C. & M. Co.*, N. Y. L. J. May 22, 1924; *Matter of Fonda*, 206 App. Div. 61.) Even if Mrs. Bostwick had intended to put the securities in the trust on February 3, 1920, such intention was not properly expressed or executed and cannot now be carried into effect. (*Augsbury* v. *Shurtliff*, 180 N. Y. 138; *Butler* v. *Sherwood*, 196 App. Div. 603, 605; 233 N. Y. 655; *Young* v. *Young*, 80 N. Y. 422; *Matter of Cohn*, 187 App. Div. 392; *Matter of Fonda*, 206 App. Div. 61; *McGavic* v. *Cossum*, 72 App. Div. 35; *Hunter* v. *Hunter*, 19 Barb. 631; *Matson* v. *Abbey*, 70 Hun, 475; 141 N. Y. 179; *Beaver* v. *Beaver*, 117 N. Y. 421; *Matter of Humphrey*, 191 App. Div. 291; *Taylor* v. *Fire Department*, 1 Edw. 294.) The receipt by the Farmers' Loan and Trust Company of part of the securities, pursuant to its letter of April twenty-seventh to the United States Trust Company, had no effect upon the securities not delivered, those here in controversy. (*Gerry* v. *Howe*, 130 Mass. 350; *Picot* v. *Sanderson*, 12 N. C. 309; *Matter of Mead*, 221 N. Y. 645; 173 App. Div. 982; 90 Misc. Rep. 263; *Glennon* v. *Rochester, etc., Co.*, 209 N. Y. 12.) The instruments in question

did not create a power in trust. (Fowler's Real Property Law, 591; 4 Kent Comm. 316–319, 328; *Towler* v. *Towler*, 142 N. Y. 371; *Farmers' Loan & Trust Co.* v. *Carroll*, 5 Barb. 613; *Matter of Harbeck*, 161 N. Y. 211; *Matter of Canda*, 197 App. Div. 597; Sugden on Powers, 213; *Farmers' Loan & Trust Co.* v. *Kip*, 192 N. Y. 166; *Lincoln Trust Co.* v. *Adams*, 107 Misc. Rep. 639; *Jennings* v. *Conboy*, 73 N. Y. 230; *Cutting* v. *Cutting*, 86 N. Y. 522; *Cutler* v. *Winbury*, 179 App. Div. 221; *Farmers' L. & T. Co.* v. *Wilson*, 139 N. Y. 284.)

*John W. Davis, Edward R. Greene* and *Hall Park McCullough* for Evelyn Francis et al., defendants, respondents. There was not a gift in trust of the securities in question as claimed by the children of Albert C. Bostwick. (*Beaver* v. *Beaver*, 117 N. Y. 421; *Sullivan* v. *Sullivan*, 161 N. Y. 554; *Jackson* v. *Twenty-third St. Ry. Co.*, 88 N. Y. 520; *Shea* v. *Crofut*, 203 App. Div. 210; *Curry* v. *Powers*, 70 N. Y. 212; *Lehr* v. *Jones*, 74 App. Div. 54; *Matter of Humphrey*, 191 App. Div. 291; *Daley* v. *Michael*, 205 App. Div. 801; *Matter of Housman*, 224 N. Y. 525; *Matter of Van Alstyne*, 207 N. Y. 298; *Matter of Wright*, 121 App. Div. 581; *Matter of Humphreys*, 183 N. Y. Supp. 133.) The trust deed, the two powers of attorney and the letter of February 3, 1920, did not constitute an equitable assignment of the securities in question. (*Holmes* v. *Evans*, 129 N. Y. 140; *Christmas* v. *Russell*, 14 Wall. 69; *Tallman* v. *Hoey*, 89 N. Y. 537; *Brill* v. *Tuttle*, 81 N. Y. 454; *Shaw* v. *Tonns*, 20 App. Div. 39; *C. T. Co.* v. *Gaffney*, 157 App. Div. 501; 215 N. Y. 740; *Kekewich* v. *Manning*, 1 De G., M. & G. 176; *Martin* v. *Funk*, 75 N. Y. 134.) The powers of attorney to the Farmers' Loan and Trust Company and the letter of February 3, 1920, were not, nor was any of them, coupled with an interest so as to make the authority given by them to be irrevocable during Mrs. Bostwick's life or to survive her death.

31

(*Farmers' Loan & Trust Co.* v. *Wilson,* 139 N. Y. 284; *Terwilliger* v. *Ontario, C. & S. R. R. Co.,* 149 N. Y. 86; Mechem on Agency, §§ 563, 567, 569–572; *Hunt* v. *Rousmanier,* 8 Wheat. 174; *Hartley's Appeal,* 53 Penn. St. 212.) The power of attorney in question was not a power in trust as claimed by the appellants. (*Sweeney* v. *Warren,* 127 N. Y. 426; *Townshend* v. *Frommer,* 125 N. Y. 446; *Matter of Kellogg,* 187 N. Y. 355; *Jennings* v. *Conboy,* 73 N. Y. 230.)

*Charles S. McVeigh* and *M. Scovell Martin* for Marion C. de Pret, defendant, respondent. The papers executed and delivered by Mrs. Bostwick to the Farmers' Loan and Trust Company do not constitute an absolute and effective gift on February 3, 1920. (*Doty* v. *Wilson,* 47 N. Y. 580; *Tilford* v. *Bank for Savings,* 31 App. Div. 565; *Matter of Rogers,* 10 App. Div. 593; *Beaver* v. *Beaver,* 117 N. Y. 421; *Matter of Van Alstyne,* 207 N. Y. 298; *Matter of Cohn,* 187 App. Div. 392; *Wadd* v. *Hazelton,* 137 N. Y. 215; *Shea* v. *Crofut,* 203 App. Div. 210; *Young* v. *Young,* 80 N. Y. 422; *Jackson* v. *23d St. Ry. Co.,* 88 N. Y. 520.) These papers (if they do not constitute a gift) are not sufficient to evidence an assignment legal or equitable. (*Terwilliger* v. *O., C. & S. R. R. Co.,* 149 N. Y. 86; *C. T. Co.* v. *Gaffney,* 157 App. Div. 501; *Tallman* v. *Hoey,* 89 N. Y. 537; *Brill* v. *Tuttle,* 81 N. Y. 457; *Matter of Gurlitz,* 105 Misc. Rep. 30; *Matter of Lynde,* 190 App. Div. 907; *Hofferberth* v. *Duckett,* 175 App. Div. 480; *Young* v. *Young,* 80 N. Y. 422; *Sweeney* v. *Warren,* 127 N. Y. 426.) These papers (if they do not establish a gift or an assignment) do not amount to a declaration of trust which equity should carry out. (*Wadd* v. *Hazelton,* 137 N. Y. 215; *Matter of Gurlitz,* 105 Misc. Rep. 30; *Matter of Crawford,* 113 N. Y. 560; *Hickok* v. *Bunting,* 67 App. Div. 560.)

CARDOZO, J. On February 3, 1920, Helen C. Bostwick executed her deed of trust to the Farmers' Loan and Trust Company as trustee. It is described as the

1920 deed to distinguish it from an earlier one made in 1918 which is the subject of another action. By the later of the two deeds, she gave to her trustee $5,000, " the said sum, and all other property hereafter delivered to said trustee as hereinafter provided," to be held upon the trusts and limitations therein set forth. The income was to be paid to her own use during life, and the principal on her death was to be divided into two parts, one for the benefit of the children of a deceased son, Albert; the other for the benefit of a daughter, Fannie, and the children of said daughter. The donor reserved " the right, at any time and from time to time during the continuance of the trusts * * * to deliver to said trustee additional property to be held by it " thereunder. She reserved also a power of revocation.

At the date of the execution of this deed, a proceeding was pending in the Surrogate's Court for the settlement of the accounts of the United States Trust Company as trustee of a trust under the will of Jabez A. Bostwick. The effect of the decree, when entered, would be to transfer to Mrs. Bostwick money, shares of stock and other property of the value of upwards of $2,300,000. The plan was that this property, when ready to be transferred, should be delivered to the trustee, and held subject to the trust. On February 3, 1920, simultaneously with the execution of the trust deed, three other documents, intended to effectuate this plan, were signed by the donor. One is a power of attorney whereby she authorized the Farmers' Loan and Trust Company as her attorney " to collect and receive any and all cash, shares of stock and other property " to which she might " be entitled under any decree or order made or entered " in the proceeding above mentioned. A second is a power of attorney authorizing the Farmers' Loan and Trust Company to sell and transfer any and all shares of stock then or thereafter standing in her name. A third is a letter, addressed to the Farmers' Loan and Trust Com-

pany, in which she states that she hands to the company the powers of attorney just described, and in which she gives instructions in respect of the action to be taken thereunder. " My desire is and I hereby authorize you to receive from the United States Trust Company of New York all securities and property coming to me under the decree or órder on the settlement of its account and to transfer such securities ánd property to yourself as trustee under agreement of trust bearing even date herewith executed by me to you."

The decree in the accounting proceeding was entered March 16, 1920. It established the right of Helen C. Bostwick to the payment or transfer of shares of stock and other property of the market value (then or shortly thereafter) of $2,327,353.70. On April 27, 1920, a representative of the Farmers' Loan and Trust Company presented the power of attorney to the United States Trust Company, and stated that he was áuthorized to receive such securities as were ready for delivery. Shares of stock having a market value of $856,880 were handed to him then and there. No question is made that these became subject to the provisions of the deed of trust. The controversy arises in respect of the rest of the securities, $1,470,473.70 in value, which were retained in the custody of the United States Trust Company, apparently for the reason that they were not yet ready for delivery. During the night of April 27, 1920, Helen C. Bostwick died. She left a will, appointing the Farmers' Loan and Trust Company executor, and disposing of an estate of the value of over $20,000,000. The securities, retained, as we have seen, in the custody of the United States Trust Company, were delivered on or about July 13, 1920, to the executor under the will. Conflicting claims of ownership are made by the legatees under the will and the remaindermen under the deed.

We think with the majority of the Appellate Division that the gift remained inchoate at the death of the

donor. There is no occasion to deny that in the setting of other circumstances a power of attorney, authorizing a donee to reduce to possession the subject of a gift, may be significant as evidence of a symbolical delivery. We assume, without deciding, that such effect will be allowed if, apart from the power, there is established an intention that the title of the donor shall be presently divested and presently transferred. The assumption ignores difficulties not to be underestimated (cf. *Young* v. *Young,* 80 N. Y. 422; *Beaver* v. *Beaver,* 117 N. Y. 421; *Augsbury* v. *Shurtliff,* 180 N. Y. 138), but we pass them over for the purpose of the argument, and treat them as surmounted. Even so, the basic obstacle remains that there is here no expression of a purpose to effectuate a present gift. The power of attorney, standing by itself, results, as all concede, in the creation of a revocable agency (*Hunt* v. *Rousmanier,* 8 Wheat. 174; *Farmers' L. & T. Co.* v. *Wilson,* 139 N. Y. 284). If something more was intended, if what was meant was a gift that was to be operative at once, the expression of the meaning will have to be found elsewhere, in the deed of trust or in the letter. Neither in the one, however, nor in the other can such a purpose be discerned. Deed and letter alike are framed on the assumption that the gift is executory and future, and this though the addition of a few words would have established it beyond cavil as executed and present. In the deed there is a present transfer of $5,000 and no more. This wrought, there is merely the reservation of a privilege to augment the subject-matter of the trust by deliveries thereafter. The absence of words of present assignment is emphasized when we consider with what simplicity an assignment could have been stated. All that was needed was to expand the description by a phrase: " the right, title and interest of the grantor in the securities and other property due or to become due from the United States Trust Company as trustee under the will." The deed and the other documents, we must

remember, were not separated in time. They were parts of a single plan, and were executed together. In these circumstances, a present transfer, if intended, would naturally have found its place in the description of the deed itself. If omitted for some reason there, the least we should expect would be to find it in the letter. Again words of present transfer are conspicuously absent. What we have instead is a request or at best a mandate, incompetent without more to divest title or transfer it, serving no other purpose than a memorandum of instructions from principal to agent as a guide to future action (*Harris* v. *Clark*, 3 N. Y. 93; *Gerry* v. *Howe*, 130 Mass. 350; *Welch* v. *Henshaw*, 170 Mass. 409). Deed and documents were prepared by counsel learned in the law. With industrious iteration, they rejected the familiar formulas that would have given unmistakable expression to the transfer of a present title. With like iteration, they chose the words and methods appropriate to a gift that was conceived of as executory and future. We must take the transaction as they made it. The very facility with which they could have made it something else is a warning that we are not at liberty, under the guise of construction, to make it other than it is (*Matter of Van Alstyne*, 207 N. Y. 298, 309, 310). They were willing to leave open what they might readily have closed. Death overtook the signer before the gap was filled.

Viewed, thus, as a gift, the transaction was inchoate. An intention may be assumed, and indeed is not disputed, that what was incomplete at the moment, should be completed in the future. The difficulty is that the intention was never carried out. Mrs. Bostwick remained free (apart from any power of revocation reserved in the deed of trust) to revoke the executory mandate, and keep the property as her own. Very likely, different forms and instrumentalities would have been utilized if she or her counsel had supposed that death was to come so swiftly. We might say as much if she had left in her

desk a letter or memorandum expressing her resolutions for the morrow. With appropriate forms and instrumentalities available, she chose what the course of events has proved to be the wrong one. The court is without power to substitute another (*Hunt* v. *Rousmanier, supra; Young* v. *Young, supra; Beaver* v. *Beaver, supra*).

The transaction, failing as a gift because inchoate or incomplete, is not to be sustained as the declaration of a trust (*Beaver* v. *Beaver, supra; Matter of Crawford,* 113 N. Y. 560, 566; *Wadd* v. *Hazelton,* 137 N. Y. 215). The donor had no intention of becoming a trustee herself. The donee never got title, and so could not hold it for another.

There was no equitable assignment. Equity does not enforce a voluntary promise to make a gift thereafter.

There was no power in trust. Such a power may be created only by a will, or by an instrument sufficient to pass an estate or interest in the property to which the power relates (Real Prop. Law [Cons. Laws, ch. 50], § 140; re-enacting in substance 1 R. S. 735, § 106; *Jennings* v. *Conboy,* 73 N. Y. 230, 234).

One other question is in the case. It concerns the right of the executor to charge a proportionate part of the estate and inheritance taxes upon the interests of the remaindermen under the 1920 deed of trust. For the reasons stated in another action between the same parties involving the 1918 deed, the Federal taxes are to be borne by the residuary estate.

The judgment of the Appellate Division should be modified so as to affirm the judgment entered on the report of the referee in respect of the payment of the Federal estate taxes, and as so modified affirmed, with a separate bill of costs to each party or set of parties appearing by separate attorney and to the several guardians *ad litem,* all payable out of the estate.

HISCOCK, Ch. J., POUND, MCLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ., concur.

Judgment accordingly.