SARAH E. VINCENT, Respondent, *v.* WILLIAM H. RIX et al., Defendants, and VIOLET PUTNAM et al., Appellants.

SARAH E. VINCENT et al., Respondents, *v.* JULIA A. PUTNAM, as Executrix of JULIA RIX, Deceased, et al., Appellants.

Will — decedent's estate — powers — gift — residue of estate given to wife to be her absolute property but anything remaining at her death to go to heirs and next of kin of testator — power of widow to dispose of property ceased with her death — widow without power to give securities to her relatives in view of approaching death — gift incomplete where donor handed securities to her lawyer with instructions to give them to her grandniece but the lawyer after placing them in his safe subsequently returned them to safe deposit box of donor — that lawyer told donee's mother of attempted gift and was told to keep securities did not constitute a delivery nor make the lawyer a trustee for the donee.

1. Under a provision in a will whereby testator gave the residue of his estate, both real and personal, to his wife " to be her absolute property, provided, however, that upon the death or re-marriage of my said wife, whatever of property or estate she may have received from me and which shall remain at that time undisposed of, I give, devise and bequeath unto my heirs at law and next of kin," whatever power the widow had to use and dispose of the real and personal property of testator ended with her death. She had no power of disposition by will.

2. Nor had the widow any power to give away, without consideration and in view of approaching death, personal property belonging to the estate solely for the benefit of her own blood relatives who were in no way connected with her husband.

3. In any event the attempted disposal of such property, consisting of certain securities, did not pass title where the evidence shows that shortly before her death the widow, after making her will, handed the securities to her lawyer and said, " give those to Violet Putnam," whereupon the lawyer put the securities in his safe and later put them back in the safe deposit box of the donor. There was no complete delivery and delivery is essential to constitute a valid gift.

4. The fact that the lawyer told the donee's mother of the attempted gift and that she said to him to keep the securities until later or for

safekeeping did not constitute a delivery to the mother. Mere words never constitute a delivery. Neither did it make the lawyer a trustee for the donee, as neither she nor her mother had title or possession of the securities whereby to create a trusteeship.

*Vincent* v. *Rix*, 221 App. Div. 209, affirmed.

*Vincent* v. *Putnam*, 221 App. Div. 211, affirmed.

(Argued March 29, 1928; decided May 1, 1928.)

APPEAL in the first above-entitled action, by permission, from a judgment entered August 2, 1927, upon an order of the Appellate Division of the Supreme Court in the third judicial department, unanimously affirming an interlocutory judgment entered upon a decision of the court at Special Term in an action for partition of real property.

Appeal, in the second above-entitled action, by permission, from a judgment entered August 2, 1927, upon an order of the Appellate Division of the Supreme Court in the third judicial department, unanimously affirming an interlocutory judgment in favor of plaintiff entered upon a decision of the court at a Trial Term without a jury in an action for an accounting and determination of title to certain personal property.

*Walter A. Fullerton, James A. Leary, Edward W. Barrett* and *Lewis C. Varney* for appellants. Julia Rix took the residuary estate of her husband with an absolute power of disposition, including the power to dispose of it by will, and any part thereof which has not been previously disposed of by her passed upon her death to the heirs and next of kin of Asa W. S. Rix. (*Erwin* v. *Waterbury*, 186 App. Div. 569; 231 N. Y. 592; *Banzer* v. *Banzer*, 156 N. Y. 429; *Clay* v. *Wood*, 153 N. Y. 134; *Trask* v. *Sturges*, 170 N. Y. 482; *Thompson* v. *Hill*, 87 Hun, 111; *Byrnes* v. *Stilwell*, 103 N. Y. 453; *Clarke* v. *Leupp*, 88 N. Y. 228; *Campbell* v. *Beaumont*, 91 N. Y. 464; *Farney* v. *Weirich*, 52 Misc. Rep. 245; *Matter of Mead*, 115 Misc. Rep. 481.) Julia Rix had the power to make a gift of said property.

(*Greyston* v. *Clark*, 41 Hun, 125; *Seaward* v. *Davis*, 198 N. Y. 415; *Colvin* v. *Young*, 81 Hun, 116; *Moffett* v. *Elmendorf*, 152 N. Y. 475; *Matter of Sharp*, 86 Misc. Rep. 569.) There was a valid consummated gift. (*Matter of Sherman*, 227 N. Y. 350; *Hunter* v. *Hunter*, 19 Barb. 631; *Matter of Mills*, 172 App. Div. 530; 219 N. Y. 642; *Matter of Cohn*, 187 App. Div. 392; *Matter of Wiemann*, 220 App. Div. 276; *McGavic* v. *Cossum*, 72 App. Div. 35; *Matson* v. *Abbey*, 70 Hun, 475.)

*Charles L. Hoey* and *Walter P. Butler* for respondent. The will of Asa W. S. Rix gave to his wife only the use of the property during her lifetime, with the right to dispose of the same only during her life. (*Seaward* v. *Davis*, 198 N. Y. 415; *Tillman* v. *Ogren*, 227 N. Y. 495; *Liggett* v. *Firth*, 132 N. Y. 7; *Matter of Ithaca Trust Co.*, 220 N. Y. 437.) The alleged gift of the securities to Violet Putnam was invalid, because Julia Rix was without the power to make the gift, under her husband's will, and because the gift was never completed. (*Matter of Werlich*, 230 N. Y. 516; *Wood* v. *Mitcham*, 92 N. Y. 375; *Matter of Edie*, 117 App. Div. 310; *Liggett* v. *Firth*, 132 N. Y. 7; *Terry* v. *Rector, etc., of St. Stephen's Church*, 79 App. Div. 527; *Matter of Briggs*, 101 Misc. Rep. 191; *Matter of Wilkins*, 183 N. Y. 104.) Even had the power been given here, the gift was not completed, and must fail for that reason. (*Matter of Lewis*, 123 Misc. Rep. 115; *Allen* v. *Cowan*, 28 Barb. 99; *Devlin* v. *Greenwich Savings Bank*, 125 N. Y. 756; *Lewis* v. *Merritt*, 113 N. Y. 386; *Farian* v. *Weigel*, 76 Hun, 462; *Grymes* v. *Hone*, 49 N. Y. 17; *Bray* v. *O'Rourke*, 89 App. Div. 400; *Wadd* v. *Hazelton*, 137 N. Y. 215; *Matter of Van Alstyne*, 207 N. Y. 298; *Gannon* v. *Maguire*, 160 N. Y. 476; *Williams* v. *Guile*, 117 N. Y. 343.)

CRANE, J. Asa W. S. Rix died a resident of Saratoga, N. Y., on the 26th day of November, 1919, leaving a will

which was duly admitted to probate, wherein after certain bequests he disposed of his residuary estate as follows:

"*Seventh.* All the rest, residue and remainder of my property and estate, both real and personal and every name and nature, I give, devise, and bequeath unto my beloved wife, Julia Rix, to be her absolute property, provided, however, that upon the death or re-marriage of my said wife, whatever of property or estate she may have received from me and which shall remain at that time undisposed of, I give, devise and bequeath unto my heirs at law and next of kin, in shares as provided by the laws of descent and statutes of distribution of the State of New York."

Julia Rix died on the 14th of December, 1925, leaving a will wherein and whereby after certain bequests she gave, devised and bequeathed all the rest, residue and remainder of her real and personal property to Violet Putnam, a grandniece, no relation to her former husband, Asa W. S. Rix.

At the time of her death Mrs. Rix had not disposed of her husband's real estate nor the personal property which she had received from him under his will. Certain bonds and certificates she attempted to give away, and of these we will speak later.

In the case of *Vincent* v. *Rix* the action is one in partition, wherein Violet Putnam claims to take the real property of Asa W. S. Rix through the will of her grandaunt, Julia Rix. The courts below have held that whatever power Julia Rix had to use and dispose of the real property of her husband, Asa W. S. Rix, during her lifetime under and pursuant to the seventh paragraph of his will ended with her death, and that she had no power of disposition by will. This ruling is in accordance with the previous decisions of this court, and the judgment must be affirmed. (*Matter of Ithaca Trust Co.,* 220 N. Y. 437; *Seaward* v. *Davis,* 198 N. Y. 415; *Leggett* v. *Firth,* 132 N. Y. 7; *Terry* v. *Wiggins,* 47 N. Y. 512.)

The judgment in *Vincent* v. *Putnam* comes to us in an action for an accounting and involves the disposition of the personal property under the same wills.   In so far as Julia Rix attempted to bequeath the property of her husband, Asa W. S. Rix, what has been said above about the real property applies to the personalty.   She had no power to dispose of the personal property by will.   There remains, however, a question regarding her attempted gift of bonds and stocks thirty days before her death. The facts are agreed upon.

This personal property consisted of five Liberty Loan bonds and sixty-five shares of railroad stocks.   The stock stood in the name of Asa W. S. Rix.   Julia Rix, the wife, received the income therefrom, as well as from the bonds during her lifetime, but never had the certificates changed into her own name individually or as executrix.   On the 13th of November, 1925, at the approach of death, she sent for her attorney, Lewis C. Varney, to make her will. He prepared and she executed the will above referred to. At the same time Julia Rix handed to him the said stock certificates and Liberty bonds, and said: " Give those to Violet Putnam."   The lawyer put the stock certificates and Liberty bonds in the safe in his own office and later put them back in the safe deposit box of the donor, Julia Rix, where they were at the time of her death.   No markings indicated a separation of these securities from the many others which were there.   The stocks and bonds never left the possession of Julia Rix or her attorney, Lewis C. Varney.   They were not delivered or even tendered to Violet Putnam.   Varney says that he told the mother of Violet Putnam that Julia Rix had given to Violet the securities and that the mother said to hold them for safekeeping.

Passing for the present the question whether there was here a completed gift, we must first determine whether or not under the will of Asa W. S. Rix, Julia, the widow, had power to give away without consideration the prop-

erty left to her for life. I doubt whether under the decisions she had any such power. Rix and his wife had no children. He apparently desired to have her well taken care of and provided for during her life. He gave her all his property, both real and personal, to be her absolute property, " provided, however, that upon the death or re-marriage of my said wife, whatever of property or estate she may have received from me and which shall remain at that time undisposed of, I give, devise and bequeath unto my heirs at law," etc. No doubt under this provision of the will Julia Rix could dispose of the property for her needs and requirements and her judgment in this matter would be conclusive. A very broad and liberal interpretation would be given to her power of disposal. We need not try to forecast all the instances in which such a legatee could dispose of the property. We are dealing here with the sole question whether on approaching death she could give it away absolutely and without any consideration. We have already held that she could not dispose of the property coming to her from her husband by will. Here was an attempted gift made at the same time that she made her will, and within thirty days of her death. It has all the indicia of an attempted gift in place of a testamentary disposition. If the bequests by will were void, so likewise should be this attempted gift.

Every case deals with a differently phrased will. Some clearly indicate that the property is to be used by the legatee only for her own use and benefit. Others are very vague in this particular. In this will the testator says that the property he gives his wife is to be her absolute property, provided, however, that upon her death or remarriage, whatever shall remain undisposed of shall go to his heirs. What does he mean by " remain undisposed of? " I am inclined to think the intention was to limit the power of disposition for her use, comfort, benefit

or support, and that these words should have a very broad and liberal interpretation, so much so that Julia Rix would probably be the sole judge of what was for her benefit and enjoyment. Such disposition, however, and such user would call for the exercise of good faith upon the part of Julia Rix, and would not include a gift of the property in view of approaching death solely for the benefit of her blood relatives in no way connected with her husband, Asa W. S. Rix.

Another event beside the death of Julia Rix was to terminate her life interest. This was her remarriage. What remained of his property undisposed of on her remarriage passed to the next of kin. Surely the testator never intended that his wife, the day before her remarriage, could give away all his property coming to her under this seventh clause of his will. If she had the power to give these securities to Violet Putnam, she also had the power to give away both real and personal property without consideration the day before her remarriage. It is a question of power, not of probabilities.

The tendency of the courts to place these reasonable limitations upon the power of disposition under such a will may be gathered from the following cases. (*Peck* v. *Smith*, 183 App. Div. 336, p. 343; revd., 227 N. Y. 228 on other grounds. See, also, cases cited above and the following: *Goodrich* v. *Henderson*, 221 Mass. 234; *Richards* v. *Morrison*, 101 Me. 424; *Presbyterian Church* v. *Mize*, 181 Ky. 567; *Bevans* v. *Murray*, 251 Ill. 603; *Griffin* v. *Kitchen*, 225 Mass. 331; *Farlin* v. *Sanborn*, 161 Mich. 615; *Gibson* v. *Gibson*, 239 Mo. 490.)

Assuming for the purposes of this opinion that Julia Rix could make a gift, I am convinced that her attempted disposal of these stocks and bonds above mentioned did not pass title to Violet Putnam — the gift was incomplete. The law regarding gifts has been fairly well settled, and the cases reviewed in *Matter of Van Alstyne* (207 N. Y. 298). Delivery is essential to constitute a valid gift.

The delivery must be such as to vest the donee with the control and dominion over the property and to absolutely divest the donor of his dominion and control, and the delivery must be made with the intent to vest the title of the property in the donee. (*Jackson* v. *23rd St. Ry. Co.,* 88 N. Y. 520, 526.) The delivery necessary to consummate a gift must be as perfect as the nature of the property and the circumstances and surroundings of the parties will reasonably permit; there must be a change of dominion and ownership; intention or mere words cannot supply the place of an actual surrender of control and authority over the thing intended to be given. While delivery may be made to a third party for and in behalf of the donee, yet handing the property to an agent of the donor to be delivered to the donee is not sufficient. The matter was well stated in *Bickford* v. *Mattocks* (95 Me. 547, 550). " Not every delivery to a third person is a delivery for the donee, or for the use of the donee, in the sense in which these phrases are used in the cases cited. There may be a delivery to a third person which constitutes him the agent of the donor, and there may be a delivery which constitutes him a trustee for the donee, and the distinction lies in the intention with which the delivery is made. If the donor deliver the property to the third person simply for the purpose of his delivering it to the donee as the agent of the donor, the gift is not complete until the property has actually been delivered to the donee. Such a delivery is not absolute, for the ordinary principle of agency applies, by which the donor can revoke the authority of the agent, and resume possession of the property, at any time before the authority is executed." (See, also, *Grant Trust & Savings Co.* v. *Tucker,* 49 Ind. App. 345; *Furenes* v. *Eide,* 109 Ia. 511; *Dickeschied* v. *Exchange Bank,* 28 W. Va. 340; *Love* v. *Francis,* 63 Mich. 181; *Merchant* v. *Building Co.,* 17 Ohio Circuit Ct. 190.)

Equity will not help out an incomplete delivery. If the agent of the donor has failed to make the delivery

expected equity will not declare him a trustee for the donee. (*Govin* v. *De Miranda*, 79 Hun, 286.)

The nearest approach to the present case is *Bump* v. *Pratt* (84 Hun, 201). The delivery in that case, however, was to a Miss Cornell as agent of the donee; the opinion so states.

The delivery of the securities by Julia Rix to her lawyer, Lewis C. Varney, was a delivery to her agent, not the agent of the donee, Violet Putnam. Mrs. Rix gave them to her lawyer to deliver to Violet Putnam. The lawyer says: " She wanted me to give the stock certificates which she handed me to Violet Putnam." And again, " Give those to Violet Putnam." The lawyer never delivered them to Violet Putnam, but kept them for a while in his possession and then gave them back into the possession of the donor by putting them in her box where they were found after her death. Any time before the lawyer had parted with the possession of the securities by delivering them to Violet Putnam or her representative, Julia Rix could have revoked his authority. The object of complete satisfactory delivery to constitute a gift is to prevent just such questions as have here arisen where personal property claimed to be the subject of the gift is found in the possession of the alleged donor at the time of her death.

When Varney, the lawyer, told Violet Putnam's mother of Julia Rix's intention, the mother said for him to keep the securities until later or for safekeeping. This did not constitute a delivery to the mother. Mere words never constitute a delivery. Neither did it make the donor's agent a trustee for Violet Putnam, as neither she nor her mother had title or possession of the securities whereby to create a trusteeship. (*Brown* v. *Spohr*, 180 N. Y. 201.)

A father put a check in the hands of his nine months, old infant, saying: " I give this to baby for himself," and then took back the check and put it away. The

father died very soon thereafter and the check was found in his effects. It was decided by the English Court of Chancery in *Jones* v. *Lock* (1 Chancery Appeal Cases, p. 24; Law Reports 1865–66) that this was neither a gift nor a declaration of trust. While this may be an extreme ruling, yet it indicates the trend of the courts regarding this question of gifts. In order that mistakes may not be made where the alleged donor has passed into silence, delivery beyond the power of further control and dominion must be proved as well as the intention in order to constitute a gift.

Even if we should be disinclined to hold as matter of law that Varney was not the agent for Violet Putnam to receive delivery of the securities for and in her behalf, at least it was a question of fact which has been resolved against the donee, and as there is evidence or reasonable inferences to be drawn from the evidence which sustains this conclusion, we cannot reverse the findings of the trial judge affirmed by the Appellate Division. The trial judge found that Julia Rix in her lifetime made no valid gift of these securities, and this finding has been affirmed by the Appellate Division, which in its opinion states, " It was not a completed gift."

For these three reasons here stated, the judgment in each action is correct, and should be affirmed with costs.

POUND, ANDREWS, KELLOGG and O'BRIEN, JJ., concur with CRANE, J.; CARDOZO, Ch. J., and LEHMAN, J., concur in the result as to the action for an accounting upon the ground that the life tenant's power of disposition did not extend to a gift in contemplation of death or remarriage if made for the purpose of evading and defeating the ulterior limitations that were to take effect in those contingencies.

Judgments affirmed.