In the Matter of the Estate of SARAH ZWEIG, Deceased.

Surrogate's Court, New York County, June 13, 1941.

*Louis Noah Forman*, for the petitioner.

*Charles C. Schwartz*, for the respondents.

FOLEY, S. The principal issue in this discovery proceeding involves a claim by one of the respondents, Leon Folman, to a gift *causa mortis* by the decedent in the sum of $1,000. The administrator sought the recovery of other items of personal property which he asserted in his petition were assets of the estate. Both respondents conceded the right of the administrator to the possession of these remaining items and they were turned over to him in open court.

As to the sum of $1,000, the surrogate holds that a valid gift *causa mortis* was made to the extent of $340. It is disallowed as to the balance of $660.

There are exceptional circumstances in the testimony which, it is claimed by the administrator, throw doubt upon the transactions. The donee of the gift was a nephew. The moneys and property owned by the decedent at the time of the transaction were relatively small in amount and value. The value of the alleged gift constituted a substantial part of the decedent's holdings. The decedent's immediate family consisted of an adult son and daughter. It is asserted by the administrator that under these circumstances she would not have made a comparatively large gift to a more distant relation, a nephew. On the other hand, the proof of the gift, to the extent allowed, is sufficiently clear and convincing. The transfers of moneys are evidenced by instruments concededly executed by the decedent a few days before her death. It is also clear that she was under the apprehension of death at the time. The necessary elements of a gift *causa mortis* have been shown. (*Ridden* v. *Thrall*, 125 N. Y. 572.)

The partial disallowance of the claim is based here upon a different theory of the law of gifts. The moneys were paid over upon the draft and check to one of the respondents, Hyman Folman, the brother of the donee. He testified in substance that the decedent instructed him to give the sum of $1,000 out of these moneys to his brother. He was thereby constituted her agent. There is sufficient proof to show that out of these moneys Hyman Folman paid over in cash only the sum of $340 to his brother in the lifetime of the decedent. There is testimony by the two brothers that at the same time there was given to Leon a check for the sum of $660, the balance of the total amount of the gift. The surrogate, as the trier of the facts, rejects that testimony as unworthy of belief. He holds that the check was not delivered until after the death of the decedent, which occurred on April 9, 1941. The check itself, although dated prior to that event, was not deposited or cleared through the bank for payment until May 3, 1941. It is inconceivable, if this check was delivered in early April, that it would not have been deposited by the respondent, Leon Folman, along with the cash which he received and deposited at that time. "To establish that a gift had been made, the burden rested upon respondents to show by the clearest evidence each and every element essential to establish that a gift was made." (RIPPEY, J., *Matter of Kelly*, 285 N. Y. 139, 150.)

It is a well-established rule of law that the authority of an agent is terminated at the death of his principal unless it is coupled with an interest in the subject-matter of the agency. (*Vincent* v. *Rix*, 248 N. Y. 76; *Farmers' Loan & Trust Co.* v. *Winthrop*, 238 id. 477; *Farmers' Loan & Trust Co.* v. *Wilson*, 139 id. 284; *Matter of Weber*, 163 Misc. 81; *Matter of Skuse*, 165 id. 554.) In order for the gift, made through an agent, to be effective, the essential element of delivery must be completed in the lifetime of the principal. (*Vincent* v. *Rix, supra; Farmers' Loan & Trust Co.* v. *Winthrop, supra; Matter of Weber, supra; Matter of Ludlam*, 158 Misc. 283.)

In *Vincent* v. *Rix* (*supra*) the alleged donor delivered certain securities to her lawyer with instructions to give them to a third person. The securities were never delivered to the alleged donee in the lifetime of the decedent. It was held that there was no completed delivery and no consummated gift. The attorney could not constitute himself a custodian of the securities for the benefit of the alleged donee. Neither could he be deemed to be a trustee for the donee. The claim of the gift was disallowed. The authority of that case, alone, appears to be sufficient for the conclusion reached by the surrogate here.

Again, the situation in the pending proceeding is similar to that in *Farmers' Loan & Trust Co.* v. *Winthrop* (*supra*), where Judge CARDOZO, in referring to a letter of instructions from the testatrix to her attorney-in-fact, wrote: " Words of present transfer are conspicuously absent. What we have instead is a request or at best a mandate, incompetent without more to divest title or transfer it, serving no other purpose than a memorandum of instructions from principal to agent as a guide to future action." The gift there was held to be ineffective. Similarly here, the instructions to the agent were executory and prospective. Since the decedent's death terminated the agency, the right of the agent to transfer any further moneys ceased and the undistributed balance in his hands constituted estate assets.

Submit decree on notice directing payment of the sum of $660 by the respondents, Leon Folman and Hyman Folman, to the administrator.