In the Matter of the Estate of JAMES CARDWELL, Deceased. JAMES F. EGAN, as Public Administrator of New York County, Respondent; ROBERT CARDWELL, Appellant.

First Department, December 22, 1944.

*Joseph H. Wackerman* of counsel (*Murty J. O'Connor*, attorney), for appellant.

*Joseph T. Arenson* of counsel (*Joseph A. Cox*, attorney), for respondent Public Administrator of the County of New York.

*Per Curiam.* We find in this record, free of any suggestion of connivance or overreaching, all three of the elements essential to the establishment of a gift *causa mortis* as enumerated in *Grymes* v. *Hone* (49 N. Y. 17). The testimony of the agent of the donor to the effect that he handed the envelope containing the bankbook to the donee, prior to the death of the donor, is sufficient to establish delivery. The wish of the donee that the physical custody of the bankbook remain where it was, pending the termination of the illness of the donor, in no way destroys the effect of the delivery.

The decree appealed from should be reversed, with costs to the appellant, and the bankbook adjudged the property of the appellant.

COHN, J. (dissenting). There is no dispute as to the facts. The deceased gave orders to Rowenhagen that "If anything happens to me or I should not come back, I want Bob [the deceased's nephew] to have this [the envelope containing the bankbook.]" From this instruction it is clear that the deceased wished his agent to give the bankbook to the donee if the deceased did not come back from the hospital alive. Thus the transfer of the gift could not be made by Rowenhagen to the nephew until after the deceased's death. That did not constitute a gift *causa mortis* as there was to be no delivery of the bankbook by the deceased to the nephew during the lifetime of the former. After the donor's death, Rowenhagen had no authority to deliver, for the agency ceased with his principal's death. The instructions to Rowenhagen required a surrender of the bankbook only if the decedent died. It was then too late to make a delivery sufficient to sustain a gift *causa mortis*. (*Vincent* v. *Rix,* 248 N. Y. 76, 83; *Farmers' L. & T. Co.* v. *Winthrop,* 238 N. Y. 485; *Matter of Van Alstyne,* 207 N. Y. 298, 306–307; *Matter of Zweig,* 176 Misc. 770, 771 [FOLEY, S.].) The pertinent rule is well stated in 38 Corpus

Juris Secundum, Gifts, section 86, as follows: " a delivery to a third person with instructions to deliver to the intended donee at the death of the donor, the latter retaining dominion and control over the property in the meanwhile, is ineffectual as a gift causa mortis, because the third party is constituted merely the agent or bailee of the donor. Such a transaction is regarded as an attempted testamentary disposition, and, unless accompanied by writing executed as a will, is nugatory for the purpose designed. The agent has no authority to deliver after the donor's death, for his authority as such ceases when his principal dies."

It is suggested that delivery was effected by Rowenhagen to the nephew the night before the deceased died when, according to Rowenhagen's testimony, the following occurred: " I had it [the bankbook] locked in my desk, and I handed it to Bob [the nephew], and Bob says, ' I don't want it. Let us wait and see what is going to come of this.' * * * I locked it back again in my desk."

In these circumstances there was no delivery to the donee. Even if we were to assume that the bankbook had in fact been accepted by the nephew and then returned to the agent, such purported delivery would not have been valid because contrary to the instructions of the deceased to Rowenhagen. He had told Rowenhagen that the nephew was to have the bankbook only in case " I should not come back ". Though there was ample proof of an intention to give, such intention was defeated since there was not, nor could there have been, a delivery during the lifetime of the deceased. (Cf. *Beaver* v. *Beaver*, 117 N. Y. 421, 429.)

Accordingly, I dissent and vote to affirm.

MARTIN, P. J., GLENNON and CALLAHAN, JJ., concur in *Per Curiam* opinion; COHN, J., dissents and votes to affirm in opinion in which TOWNLEY, J., concurs.

Decree reversed, with costs to the appellant, and the bankbook adjudged the property of the appellant. Settle order on notice.