In the Matter of the Accounting of JACKLYN M. LAFLER, as Administratrix of the Estate of WILLIAM T. LAFLER, Deceased, Respondent. JOHANNA O'BRIEN, Appellant.

Fourth Department, December 29, 1955.

*William B. Weidman* for appellant.

*Charles M. Carroll* for respondent.

KIMBALL, J. Upon the judicial settlement of the accounts of Jacklyn M. Lafler, as administratrix of the estate of her husband, William T. Lafler, deceased, objections were filed by Johanna O'Brien, the mother of the intestate. We are here concerned solely with the " First " objection by which the objectant claimed

that the administratrix had failed to charge herself with the proceeds of certain stock, as assets of the estate. The administratrix, widow of the intestate, countered with the assertion that the decedent had made a gift of the stock to her the day before his death. The Surrogate held that the petitioner-respondent had sustained the burden of proof and that the gift was completed. The precise question which was presented to the Surrogate is stated in his decision, viz. " Was there sufficient delivery? " Without delivery, there could be no gift. We are constrained, upon the evidence before us, to disagree with the finding that there was a delivery. The stock was represented by four certficates in the name of the decedent. The decedent sent for his attorney to come to his residence and there, in the presence of his lawyer, he signed the stock certificates in blank and they were taken by his attorney to his office where the name of the petitioner was inserted by typewriter as was also the date, July 17, 1951. The attorney signed his name as witness at the same time. These stock certificates were in the attorney's office when the decedent died on July 18, 1951. It appears that the petitioner was in and about the decedent's room in the house when he signed the certificates. There is evidence that decedent told his attorney that he wanted his wife to have the stock. There is also evidence that he directed his attorney to hold the certificates, awaiting further instructions from him. There was no physical delivery of the certificates to the petitioner after decedent signed them in blank nor any evidence that decedent told petitioner that they were hers. There was no delivery by the attorney, who was decedent's agent, to the petitioner. The decedent did not vest the petitioner with absolute dominion and control over this stock and did not divest himself of such control. The stock certificates remained in the hands of his agent until his death. He had the right to instruct his agent in reference to the disposition of the stock until he died. The stock was the subject of a contract of sale which was carried out by the administratrix after decedent's death. The fact that at the time the decedent signed his certificates in blank, the petitioner did the same with a certificate in her individual name, throws further doubt on the decedent's intention to divest himself of the ownership and control of his shares at the time.

Each case of an alleged gift *inter vivos* stands or falls upon its own peculiar facts. The law applicable is well settled that delivery there must be. We need only refer to *Vincent* v. *Rix* (248 N. Y. 76, 83), where it is stated: " The delivery necessary to consummate a gift must be as perfect as the nature of the

property and the circumstances and surroundings of the parties will reasonably permit; there must be a change of dominion and ownership; intention or mere words cannot supply the place of an actual surrender of control and authority over the thing intended to be given. While delivery may be made to a third party for and in behalf of the donee, yet handing the property to an agent of the donor to be delivered to the donee is not sufficient.''

It is our opinion that no delivery was proved and that, therefore, the proceeds of the sale of the stock must be included in the assets of the decedent's estate to be distributed according to law. The decree insofar as appealed from should be reversed and the matter remitted to the Surrogate's Court of the County of Monroe to enter a supplemental decree in accordance with this opinion.

All concur. Present — McCurn, P. J., Vaughan, Kimball, Wheeler and Van Duser, JJ.

Decree insofar as appealed from reversed, on the law and facts, without costs of this appeal to either party, and matter remitted to the Surrogate's Court of the County of Monroe to enter a supplemental decree in accordance with the opinion.

[See *post*, p. 798.]