Maximilian Moss, S.
As incidents of the executrix’ final accounting, the court is required to construe the provisions of article “ Fourth ” of the will to determine if the trust corpus may be invaded for the cestui’s benefit, and the manner of dis *1066 position of a fund received by the testatrix in satisfaction of her statutory exemption.
The husband of testatrix predeceased her. By his will he bequeathed to a grandson a paid-up life insurance policy on his life. The sum of $1,078 was collected on the policy and paid to this testatrix as her statutory cash exemption under section 200 of the Surrogate’s Court Act as there was insufficient other personal property to satisfy or set off such cash exemption. The claim that the bequest to the grandson should be satisfied out of the moneys paid to testatrix as her cash exemption from her husband’s estate by reason of her oral directions during her last illness cannot be sustained. The claimed disposition was neither testamentary in character (Decedent Estate Law, § 21) nor were the elements of a completed gift established (Matter of Van Alstyne, 207 N. Y. 298; Vincent v. Rix, 248 N. Y. 76). The excess sum over the statutory exemption is to be refunded to the husband’s estate.
The objection raised to the payments of principal out of the trust fund set up in accordance with article ‘ ‘ Fourth ’ ’ of the will is sustained. This provision is clear and explicit and contains no provision mandatory or discretionary for invasion of principal for the benefit of the incompetent.
The remaining objections were withdrawn in open court. Settle decree on notice.