In the Matter of the Accounting of GEORGE FREITAG, as Executor of HENRY BOESENBERG, Deceased.

Surrogate's Court, Bronx County, October 20, 1944.

*James R. Lyttle* for objectant.

*P. Raymond Sirignano* for executor.

HENDERSON, S. The objectant herein is the administratrix of the widow of the decedent. The widow filed an election to take her share against the provisions of the will. Her right to take by election was disputed. A settlement was made by which the widow received a share of the admitted estate assets. She was to be entitled to share upon a percentage basis in any further estate assets that might be discovered.

Upon the objectant's application, the executor was directed to file an accounting. This has been done. According to the account there are no estate assets other than those upon which the original settlement and distribution was made. The objectant asserts that the executor has failed to account for a savings bank account of approximately $900 and thirty shares of American Telephone & Telegraph Company stock which are alleged to be the property of the estate. There has been no oral testimony and the matter is submitted upon a number of exhibits offered by the objectant.

The account in the savings bank was in the name of Henry Schott. The proof shows that Henry Schott and Henry Boesenberg were the same person. The decedent died on March 4, 1942. On February 24, 1942, there was a withdrawal of $890.88

from this account, which is evidenced by a receipt for the above amount signed by the decedent. Endorsed on the back of the receipt is a statement signed by the executor certifying that the decedent " has resided only in the U. S. continuously since 1897 ". There is no other evidence except the signature card of the decedent and the bank record which shows this withdrawal and a balance remaining on June 30, 1944, of $13.89. There is nothing to show what became of this money or any negligence on the part of the executor for failing to collect any part of this sum. The balance still in this account to the credit of the decedent is an asset of the estate. It has not been included in the account and the executor will be surcharged the sum of $13.89. In all other respects, this objection is overruled.

With respect to the thirty shares of American Telephone & Telegraph Company stock, it appears that the decedent originally had three certificates of ten shares each registered in his name. He transferred these shares to the name of Henry Schott, a fictitious person, and continued to treat them as his own, collecting all dividends thereon.

There is a letter in evidence dated February 26, 1942, addressed to Ward Gruver & Co., which reads:

" This letter will authorize you to sell certificate # A 241025 for 30 (Thirty) shares American Telephone and Telegraph Co. registered in my name and endorsed. After the sale is completed the proceeds are to be transferred over to the account of Mr. George Freitag of 641 East 241st St Bronx, N. Y. Mr. Freitag will then purchase 30 (Thirty) shares American Telephone and Telegraph Co. on his account.

Thanking you for carrying out these instructions, I am,

Very truly yours,

HENRY SCHOTT."

A certificate of the number mentioned in the letter was indorsed under date of February 24, 1942. This assignment is made directly to George Freitag, who is the executor. Attached to this certificate is a memorandum on the stationery of Carlisle & Jacquelin, who are apparently stock brokers. It records a sale of thirty shares of American Telephone & Telegraph stock to Ward Gruver on March 2, 1942. Stock transfer tax stamps are attached to this certificate. The tax stamps upon the memorandum of sale rather than on the stock certificate, indicates that the certificate was indorsed in blank and that the name George Freitag as assignee was placed there later. (Tax Law, art. 12, § 270, subd. 4.)

It is apparent therefore that Carlisle & Jacquelin were acting as the decedent's agents in the sale of his stock certificate to Ward Gruver & Co. The books of the Telephone Company show that thirty shares were debited against the account of Henry Schott and thirty shares were credited to the account of George Freitag on March 2, 1942.

The only conclusion that can be drawn from the exhibits is that Ward Gruver & Co., pursuant to the authorization contained in the decedent's letter of February 26, quoted in full above, caused the Telephone Company to credit Freitag with the shares represented by the decedent's certificate of stock.

Nowhere does it appear that Freitag had any knowledge of this transaction until March 9, 1942, when he signed a receipt to Ward Gruver & Co. for the thirty shares which had been registered in his name. This is five days after the decedent's death. It does not appear that there was any consideration for the transfer. It does seem that the decedent intended to make a gift of this stock to Freitag. However, delivery to the donee, one of the essential elements of a gift, is lacking. It does not appear that there was any acceptance of the intended gift during the lifetime of the donor. The Court of Appeals stated the rule in *Vincent* v. *Rix* (248 N. Y. 76, 83) in the following language: " The delivery necessary to consummate a gift must be as perfect as the nature of the property and the circumstances and surroundings of the parties will reasonably permit; there must be a change of dominion and ownership; intention or mere words cannot supply the place of an actual surrender of control and authority over the thing intended to be given."

The death on March 4th immediately revoked the authority which the decedent had given to his agents Ward Gruver & Co., by his letter of February 26th. Therefore the delivery by the agent and the acceptance by Freitag on March 9th were ineffectual. (*Farmers L. & T. Co.* v. *Winthrop*, 238 N. Y. 477.) The thirty shares of Telephone stock belong to the estate. The executor will be directed to sell the stock and distribute the proceeds of the sale. He will also be surcharged with the amounts collected by him in the form of dividends on this stock since the decedent's death.

Proceed accordingly.