In the Matter of the Estate of HENRI B. DE BITCHE, Deceased.

Surrogate's Court, New York County, October 21, 1954.

*Andrew Shiland,* as limited ancillary administrator of the estate of Henri B. De Bitche, deceased, petitioner in person.

*Carolinda Waters* and *Denis R. Sheil* for Elaine F. B. De Bitche, respondent.

*Emmett, Marvin & Martin* for Bank of New York, respondent.

COLLINS, S. In this proceeding in discovery instituted by the ancillary administrator a stipulation of facts has been filed as the equivalent of the record on which the decision will rest. On February 18, 1953, the deceased, a Belgian citizen then critically ill in Switzerland, wrote a letter to the Guaranty Trust Company in New York instructing it to transfer all assets held in his account to an account in the name of his wife in the Bank of New York. He signed this letter and immediately thereafter dictated to his wife a second communication to Mr. William R. Biggs, vice-president of the Bank of New York, stating that he was enclosing a copy of the letter to the Guaranty Trust Company and asking Mr. Biggs' assistance in completing the arrangements for the transfer. Both letters were signed by the decedent and handed to his wife. Madame De Bitche then wrote a letter of explanation to Mr. Biggs enclosing it in the same envelope with the letter from her husband. The letters sent by the deceased were mailed at his request by his wife on the same day. It has been further stipulated that the deceased's secretary, who had then been in his employ for forty years, was a witness to the transactions just described and that he would testify if called to the fact that at the time the letters were handed to Madame De Bitche, the deceased stated that it was his then present intention to complete an irrevocable gift of his securities to his wife to become effective immediately. The deceased died prior to the receipt of the letter addressed by him to the Guaranty Trust Company but that institution not having knowledge of his death executed his instructions and transferred the funds to the account in the name of his wife in the Bank of New York.

Upon the facts as stated the ancillary administrator contends that the gift to the wife was not consummated because delivery was not effected prior to the death of the donor. He has insti-

tuted this proceeding naming the widow and the Bank of New York as respondents for the purpose of reducing the property in the custody of the bank to his possession as the representative of the estate. It is the contention of the widow on the other hand that the transaction as described resulted in a gift to her of all of the property belonging to the deceased held by the Guaranty Trust Company and transferred by it in accordance with his instructions to the respondent Bank of New York as custodian of her account.

The court is satisfied that the elements necessary to effectuate the gift have been adequately established. The intention to make the gift is shown beyond dispute by the letter addressed to the bank; the acceptance of the gift is presumed and delivery to the assignee is shown to have taken place when the letter of assignment was handed to her by the deceased at the time of the execution of his instructions (*Vincent* v. *Rix,* 248 N. Y. 76; *Matter of Van Alstyne,* 207 N. Y. 298; *Beaver* v. *Beaver,* 117 N. Y. 421; *Matter of Kaufman,* 201 Misc. 905).

It is only in connection with the question of delivery that the parties are in dispute. It is the contention of the widow that the delivery to her of the letter of instructions addressed to the Guaranty Trust Company constituted a presently effective assignment. She cites in support of this contention the decision of my colleague Mr. Surrogate FRANKENTHALER in *Matter of Kaufman* (*supra*), in which the facts were to all intents and purposes identical with those here present. I am in agreement with the reasoning of the cited case. It was there pointed out that had the letter of instructions been sent initially to the custodian of the funds rather than delivered to the intended donee the donor's death prior to the receipt of the instrument would have effectively revoked it. That is precisely the situation which obtains in this case for the order to the Guaranty Trust Company was handed by deceased to his wife in the presence of his secretary and he is said to have made himself unmistakably clear that it was his intention to effectuate a present gift at that time. Upon this showing the court is satisfied that the position of the widow is sound and the petition in discovery is accordingly dismissed.

Submit decree on notice.