MARY L. JOHNSON, Respondent, *v.* CHARLES S. COLE et al.,
Appellants, et al., Respondents.

1. EVIDENCE — WHEN DECLARATIONS OF DECEDENT AS TO CHARACTER
OF TRANSFERS OF PROPERTY MADE IN HER LIFETIME ARE INADMISSIBLE.
Where one of the issues in a partition action is as to whether transfers of
certain property made to two of the defendants by their deceased mother
in her lifetime were gifts or advancements, her declarations that they
were gifts are inadmissible.

2. WHEN DECLARATIONS AS TO DONOR OF A CERTIFICATE OF DEPOSIT
ARE ADMISSIBLE AS PART OF THE RES GESTÆ. Where one of the issues is
as to whether the father of one of the defendants, who gave her a certifi-
cate of deposit before the death of her mother, acted in his own behalf or
that of his wife, whatever occurred at the interview when he handed her
the certificate is material as part of the *res gestæ;* the exclusion of evi-
dence, therefore, to the effect that he said that it was a present from him
and had nothing to do with her mother, constitutes reversible error.

*Johnson* v. *Cole,* 76 App. Div. 606, reversed.

(Argued April 7, 1904; decided April 26, 1904.)

APPEAL from a judgment, entered November 24, 1902,
upon an order of the Appellate Division of the Supreme
Court in the fourth judicial department, which affirmed an
interlocutory judgment, entered upon the report of a referee,
directing the sale of certain lands in partition.

This appeal was allowed and the following questions certi-
fied by order of the Appellate Division :

"*First.* In an action for partition of real estate of a dece-
dent, who died intestate, among the heirs of said decedent, in
which action is also litigated the question whether certain real
and personal property transferred by the decedent in her
lifetime, to two of the defendants, who are heirs at law and
next of kin of said decedent, should be charged against them
severally as advancements, may evidence be given in behalf
of such defendants, upon the trial of said action, of statements
made by the decedent, to a person not a party to the action,
subsequent to such transfers, tending to show that such trans-
fers were made as absolute gifts, and not by way of advance-
ment, when such statements are offered to be proven by com-

petent and qualified witnesses, and is the exclusion of such evidence error?

"*Second.* In an action such as described in the first above question, where it is claimed by plaintiff that the decedent in her lifetime gave one of the defendants certain money, which plaintiff claims was so given by said decedent by way of advancement to said defendant as her heir and next of kin, and should be charged as such against said defendant, and which money the said defendant claims was given her by the husband of the decedent and not by or in behalf of the decedent, the undisputed evidence showing that the said money was personally delivered to said defendant by said decedent's husband, not in the presence of the decedent, the plaintiff claiming that in making such delivery said husband acted as agent of said decedent to make the alleged advancement, which claim was contested upon the trial by said defendant, who claimed that the said transfer of said money to her was a gift from said decedent's husband personally to said defendant, may the defendant prove upon the trial of said action what the said husband said, at the time he so delivered said money to said defendant, upon the subject of giving it to said defendant, and that he, the said husband, said, when he so delivered said money to said defendant that it was a present from him and had nothing to do with the decedent? And is the exclusion of such evidence error?"

The facts, so far as material, are stated in the opinion.

*Elmer E. Charles* for appellants. The referee erred in refusing to receive the declarations of the decedent, Lucia A. Cole, showing that the property received from her by Charles S. Cole and Emma J. Owen were absolute gifts. (*Tillotson* v. *Race,* 22 N. Y. 122; *Degrof* v. *Terpenning,* 14 Hun, 301; *Bump* v. *Pratt,* 84 Hun, 201; *Baird* v. *Baird,* 81 Hun, 300; 145 N. Y. 659; *Gunn* v. *Thruston,* 130 Mo. 342; *Cline* v. *Jones,* 111 Ill. 563; *Phillips* v. *Chappel,* 16 Ga. 16; *Wheeler* v. *Wheeler,* 47 Vt. 637; *Lyon* v. *Ricker,* 141 N. Y. 225; *Brennan* v. *Haw,* 131

N. Y. 101; *Livingston* v. *Arnoux*, 56 N. Y. 519.) The referee erred in refusing to allow the defendant Emma J. Owen to testify to what her father, Chester A. Cole, said when he presented her with the $500 certificate of deposit, which has been charged against her as an advancement from Lucia A. Cole. (*Hildebrant* v. *Crawford*, 65 N. Y. 107; *Pratt* v. *Elkins*, 80 N. Y. 198; *Hine* v. *N. Y. El. R. R. Co.*, 149 N. Y. 162; Greenl. on Ev. [16th ed.] § 108.)

*Frank W. Brown* for respondent. The declarations of Lucia A. Cole, offered by appellants and excluded by the referee, were hearsay and inadmissible. (Whart. on Ev. [2d ed.] 228; McKelvey on Ev. §§ 178, 180; *Sanford* v. *Sanford*, 61 Barb. 299; *Beebe* v. *Estabrook*, 11 Hun, 523; *Bruce* v. *Griscom*, 9 Hun, 280; *Hine* v. *Hine*, 39 Barb. 505.) Evidence of the declaration of Chester A. Cole, involved in the second question certified upon this appeal, was properly excluded. (*Goetz* v. *M. R. R. Co.*, 54 App. Div. 369; *White* v. *Miller*, 71 N. Y. 118.)

BARTLETT, J. The learned Appellate Division, with a divided court, has determined both questions of law involved in the above questions in favor of the plaintiff.

The plaintiff, Mary L. Johnson, and the defendants (other than the defendant Ida M. Cole, the wife of the defendant Charles S. Cole) are the only children and heirs at law of Lucia A. Cole, who died intestate, leaving the real estate which is the subject of this action in partition. The intestate was also the owner of personal property of the value of $5,500.00 over and above her debts and the expenses of administration.

The intestate transfered in her lifetime to her children certain property, and the question was litigated before the referee whether these transfers were an absolute gift or an advancement that could be charged against the share of a child in the final distribution of the estate. The children of the intestate offered to show by her declarations, made some time after these

transfers, that they were gifts and not advancements. The referee refused to admit these declarations, and the first question presented to us is whether they were competent and does the exclusion of them present reversible error.

We have been cited to no case in this court where the question has been decided. The courts in the various states have divided on this question, and there is authority in the decisions of several jurisdictions in favor of admitting these declarations. In a number of the states these transfers of property to children in the lifetime of a parent are required to be evidenced by a writing showing whether they are gifts or advancements. We regard such legislation as very desirable and as safeguarding the interests of all parties connected with such transfers of property. We consider the admission of such declarations as fraught with great danger and opening the door for fraudulent evidence tending to defeat the intention of parents who can no longer be heard in their own behalf. We do not intimate that any such fraudulent intention is disclosed in this case, but apply our remarks to the general situation.

It is, of course, unfortunate that by the enforcement of this rule absolute gifts may have to yield to the presumption that such transfers of property are deemed advancements. If the situation presented requires a remedy, the appeal should be made to the legislature and not to the courts.

We, therefore, answer the first question in the negative.

The second question arises out of the following facts: During the lifetime of the intestate, Chester A. Cole, her husband, and also the father of the defendant, Emma J. Owen, called upon his daughter and presented her with a certificate of deposit for $500. The material question growing out of this transaction is whether Chester A. Cole, in presenting the certificate of deposit to his daughter, acted as the agent of his wife or for himself as principal.

The daughter took the stand in her own behalf and testified as follows: " The talk between me and my father, when he gave me the certificate of deposit was, he said, well Emma

you are away behind. He says, I have not done anything much for you, and he said here is a little something, and I took it, and when I saw how much it was I was delighted and thanked him for it."

At a subsequent hearing, Charles Owen, the husband of Emma, testified: "I remember the time when Mr. Cole delivered to my wife a certificate of deposit for $500. That was about a year or such a matter before his death, I think in 1892, somewhere along there. It was delivered to her at her house where we live, the Paddock place. When he gave it to her, he came and handed it to her and said, 'Here is something for you, I have never given you anything, and I want to make you a present of this, and I want you to understand it is from me and has nothing to do with your mother.'"

Thereafter the defendant, Emma J. Owen, again took the stand and was asked this question: "At the time your father, Chester A. Cole, gave you the certificate of deposit for $500, did he say to you that this was a present from him and had nothing to do with your mother?" Objected to by plaintiff. Objection sustained and defendant excepted.

While the ground of this objection now insisted upon was not spread upon the record, it is presented by the form of the second question submitted for answer.

The respondent seeks to justify the exclusion of this evidence on the ground that declarations of an agent are not competent to charge a principal upon proof merely that the relation of principal and agent existed at the time when the declarations were made; something more must be shown. It must further appear that the agent, at the time the declarations were made, was engaged in executing the authority conferred upon him, and that the declarations related to and were connected with the business then depending, so that they constituted a part of the *res gestæ*. It is argued that if Chester A. Cole was acting as his wife's agent, these declarations were outside of his agency, or, as in this case disclaiming the agency, were not competent but were mere hearsay and could not bind Mrs. Cole or her estate. If he was not acting as agent for

his wife, but on his own account, then his declarations to his daughter were immaterial and hearsay.

The one question involved in this phase of the case was whether Chester A. Cole was acting in his own behalf or as agent of his wife.    It follows that whatever occurred at the interview, when he handed the certificate of deposit to his daughter, is material as a part of the *res gestœ*.    The principle of agency invoked by the respondent has no application to the situation here presented.

We are, therefore, of opinion that it was competent for the defendant, Emma J. Owen, to prove what Chester A. Cole said at the time of delivering to her the certificate of deposit. Also, that the exclusion of such evidence was reversible error.

We, therefore, answer the second question in the affirmative.

The judgment appealed from and the interlocutory judgment entered upon the report of the referee should be reversed, with costs to the appellants in all the courts to abide the event.

Parker, Ch. J., O'Brien, Haight, Vann, Cullen and Werner, JJ., concur.

Judgment reversed, etc.