In the Matter of the Estate of JOHN W. FROTHINGHAM, Deceased.

Surrogate's Court, Westchester County, November 18, 1936.

*John W. Frost,* for the petitioner, Harold T. White, as one of the executors, etc., of deceased.

*Wright, Gordon, Zachry & Parlin [Heber Smith* of counsel], for the respondent, Helen L. Frothingham.

*Harrison Lillibridge,* for W. A. & A. M. White.

SLATER, S.   This is a discovery proceeding brought to determine the ownership of certain securities which are claimed by the decedent's widow as a gift.

The question to be decided is whether a completed gift *inter vivos* was made by the decedent to the respondent.

The decedent had been married since 1921 and had a daughter Anna.   He died in France on November 20, 1935.   For several years prior to his death he and his family spent most of their time in France where decedent owned a home at Guethary in the Department of Basses-Pyrenees.   The decedent was a wealthy man and during substantially all his mature life his investment affairs were handled by the firm of W. A. & A. M. White, of which the decedent's cousin was a member.   The original business of this firm had been reduced in later years to the care of the property of its members or their families.   It included the care of decedent's securities, advice as to investments, and the collection and depositing of income. The firm had possession of the decedent's securities and all registered stock stood in the name of the firm.   For thirty odd years the decedent probably never saw his securities.

The testimony was that the securities were kept in a separate packet marked with his name.   While abroad, the decedent maintained a constant and detailed correspondence with Mr. William I. Frothingham of the firm with regard to his investments.   On October 17, 1935, William I. Frothingham wrote to the decedent. In this letter he recommended to the decedent that he make a gift of securities to his wife, giving a list of such securities which, in his opinion, should constitute the gift.   The suggestion came out of the recent changes in income, estate and gift taxes, with the thought that, by a gift of property to the wife year upon year, it would lessen his income taxes.   A letter of October 22, 1935, supplementing the one of the seventeenth instant, referred to many things, including the matter of the suggested gift and the reasons for it.   He wrote: " In case you decide to make the suggested gift you might use the following of your securities," and then names them.

On November 6, 1935, William I. Frothingham, in New York, received from the decedent a letter dated October 29, 1935, which was written upon receipt of Frothingham's first letter of October

seventeenth.  In this letter the decedent referred to the letter of October seventeenth, saying: " Yours of Oct. 17 does present interesting possibilities, & I am greatly in favor of carrying this out, & shall await your next letter with much interest."  The next letter received by the decedent was the one of October twenty-second, to which he replied under date of November 6, 1935.  The decedent's letter of November sixth says: " I have been over your letter of Oct. 22nd, & we gladly accept your suggestions regarding *my gift* to Helen before the end of the year.  \*  \*  \*  I accept the choice of securities as it stands  \*  \*  \*.  It must have taken you a lot of time to fit in everything so well together & we both greatly appreciate your time & thought used on the matter  \*  \*  \*. With regard to Helens making a will, she would like to have the paper about Belgrade property, to look it over.  In general she thinks to leave the property, coming to her through *my gift*, to her daughter, Anna."

The letter of November 6, 1935, reached the office of W. A. & A. M. White on the morning of November 20, 1935, and a few hours. afterward, before any steps had been taken to carry out the instructions, a cable was received from the decedent's wife telling of the decedent's sudden death on that day.

The testimony of the respondent wife was taken by commission. On the hearing, objection was made in behalf of the executors to the answer of the respondent to the fifth interrogatory which referred to the letter of November 6, 1935, and particularly to the part which says: " I have been over your letter of Oct. 22nd, & we gladly accept your suggestions regarding my gift to Helen before the end of the year."  The question was, what conversation did the decedent have with the witness between October 22, 1935, and November 6, 1935, " with regard to the contents of said letter of October 22nd, 1935, which, in your opinion, led said John W. Frothingham to say ' *we* gladly accept your suggestions.' "  Is this question violative of section 347 of the Civil Practice Act?  It is, unless the door has been opened to the introduction of this testimony by the respondent.  I conclude that the door has been opened by the petition and the affidavits, annexed thereto, of one of the executors, a member of the firm of W. A. & A. M. White, in which is detailed the correspondence between the decedent and Mr. Frothingham with regard to the gift.  Here is found the letter offered in evidence which contains the statement: " We gladly accept your suggestions," etc.  Answer to the explanation of the use of the word " we " can only be furnished by the respondent's answer to the fifth interrogatory.  Exception to the receipt of the

fifth interrogatory and the answer thereto is overruled. In answer to the fifth interrogatory, the respondent states that the decedent said to her: " I have a very interesting letter from the office." The other testimony relates to the contents of the letter with regard to other matters. The respondent told of the letter from the New York office dated October twenty-second and testified that: " My husband read the letter to me and told me he was decided to make me a gift of securities as suggested by Mr. W. I. Frothingham;" that he mailed the letter on November sixth, " and as he was placing the letter on the hall bench, for the postman to take it, he said to me, with a sigh of relief ' Now this is finished,' and then he added: ' The office will have now plenty of time to transfer the securities to your name before January 1st, 1936. It will be done by them automatically * * * and there will be no necessity for any legal action. They will just do it in the office themselves.' "

Upon the related facts, the legal proposition is presented as to whether a good gift was made of the securities.

The essentials to a valid gift *inter vivos* are intention and delivery. (*Vincent* v. *Rix*, 248 N. Y. 76.) To the general rule requiring delivery, there is one exception; if it is not within the power of the donor to deliver the gift, symbolic delivery of the subject of the gift is accepted in lieu of the delivery of the article itself, or the intention to make the gift will include within its terms the delivery of the articles because of the fact that it is impossible on account of distance and the location of the articles to make actual delivery of the gift. (*Matter of Van Alstyne*, 207 N. Y. 298.) Where the intention of the donor is proved under his own hand, the courts have presumed a delivery in support of the gift on slight evidence. (*Matter of Pastore*, 155 Misc. 247, 255; *McGavic* v. *Cossum*, 72 App. Div. 35; *Matter of Mills*, 172 id. 530; affd., 219 N. Y. 642; *Matter of Cohn*, 187 App. Div. 392.)

The suggestion in W. I. Frothingham's letter was for the action of the decedent's mind. He wrote, in effect: " I suggest that you give certain securities to your wife." The answer is: " I decline " or " I accept," " I will not," or " I will." The decedent said, " We gladly accept," meaning that he gives and she receives. The word " accept " as used in the decedent's letter is one of gift. It means agreeing to the proposal to make the gift. Here is finality. Here is found the gift in words to create it and to bind the donor. Because the White firm lacked the good sense of telling the decedent how he should make his gift in apt words, is no reason why his gift should be destroyed when the intent is found in his words. To his words we must imply a meaning — either a refusal or the making

of the gift. The whole picture is descriptive of his intention. The entire record discloses it and it is the duty of the court to sustain it. We need not demand legal words. We need only find the meaning of the words that the decedent himself used.

We have a declaration and proof implying the announcement of an act performed — not a mere intention. (*Matter of Brown*, 252 N. Y. 366, 375.) There was no intention to make the wife his agent; the only inference is one of gift. He had decided to make it. The words " before the end of the year," do not relate to the completion of the gift, but only to the opportunity for his agent to make the transfer on or before January first, the beginning of the new income tax year.

The gift to the respondent is sustained upon the principle that the intent was to make a gift to the respondent at the very time the letter of November 6, 1935, was mailed, and that delivery was made to the White firm for the respondent's benefit and that thenceforth they held the securities for her. In every case where a gift was not sustained, the gift rested upon parol evidence, but in every case of a gift evidenced by an instrument of delivery of the gift, the gift has been sustained.

We have evidence here that the decedent had decided to make the gift, that is, to turn it over to his wife. (*Matter of Black*, 248 App. Div. 1.) Under all the circumstances proven, in view of the relation between the parties, no other conclusion is reasonable than that the decedent made his gift when he wrote and mailed the letter of November 6, 1935. Delivery followed the intent. Applying the rule of delivery in the light of reason which gives birth to it, and there being no doubt whatever concerning the intention of the donor, in my opinion, there was a good constructive delivery of the securities, founded upon the intent of the donor to give *in præsenti*.

The gift to the respondent is sustained.

Proceed accordingly.