Memorandum: Assuming, but not deciding, that the Surrogate correctly determined that the clause in the will which provided “ that all loans and allowances * * '* to any of said children shall be deducted from the share otherwise going to said child” should be interpreted to mean “ loans and advancements ”, we think the only competent evidence on this question, having probative value, was the deed from testator to Emory Jones. (Johnson v. Cole, 178 N. Y. 364; Tousey v. Hastings, 194 N. Y. 79; Matter of Buckler, 227 App. Div. 146; Lea v. Polk, County Copper Co., 21 How. [U. S.] 493.) That deed recites the consideration to be “ natural love and affection and one dollar.” These are words of gift and cannot be construed as creating a debt or an advancement. The decree should be reversed and the objections to the account sustained. All concur, Kimball, J., in result in the following memorandum : I concur in the result on the ground that the appeal herein brings up for review the construction given by the Surrogate to the “sixth” paragraph of the will. Such construction must be made, on this record, by reference to the will only. It is my opinion that a fair construction impels the conclusion that the testator intended the word “ allowances ” to he in the same category and classification as the word “loans”. He referred to the word “allowances” as a “debt”. He did not use the word “advancement” and did not intend to foreclose himself in his lifetime from making a gift but merely provided that any “ debt ” of a child to himself or his wife should be cancelled. *1055 He did not, by clear and explicit language, provide for an advancement, but simply provided that debts of his children should be deducted from their respective shares and cancelled. It follows that it is unnecessary to decide whether the deed was a gift or an advancement. (The decree appealed from settles the accounts of an executor.) Present — -Taylor, P. J., MeCurn, Love, Kimball and Piper, JJ.