S. Samuel Di Falco, S.
In this proceeding brought by the executor to judicially settle his account objections have been raised by the Chase Manhattan Bank as the ancillary administrator of the estate of Andre Prevost, father of the decedent. The decedent’s entire estate consisted originally of a fund created by the transfer to him by his father Andre of United States bonds in the face amount of $222,200.
*726 The nub of the objectant’s contention is that the transfer made by the father to the son was not in fact a gift to him but merely one of convenience for the purpose of freeing blocked funds and for the further purpose of avoiding French taxes. The facts briefly stated are these: The son, Roger, came to the United States for permanent residence in 1940. He entered the United States Army in February, 1942 and became a United States citizen on October 1, 1942. After the war, in the early summer of 1946, he visited his father in France and after many conversations with him, the father by a letter of instructions dated July 20, 1946 transferred a trust account consisting of $222,200 in United States bonds to his said son Roger. The letter of instructions was directed to the Swiss Bank which had said bonds on deposit at its New York agency. As permission to effect such transfer had to be obtained from the United States Treasury Department, the actual transfer was not effected until the latter part of October, 1946. On November 14,1946, decedent executed a will under the terms of which he left his entire estate in trust for the benefit of his mother Anne Merle D’Aubigne, who was Andre’s second divorced wife. The decedent herein then visited France and in January, 1947 was killed in an automobile accident outside of Paris. His father Andre died in November, 1951, almost five years later.
If the contention of the objectant is sustained, the entire estate now in the hands of the trustee would perforce go to the Chase Manhattan Bank as ancillary administrator of the decedent’s father’s estate and would then be distributed by them to his father Andre’s universal heir, Jacqueline Prevost, who is the decedent’s half sister.
The court has exhaustively examined the evidence and depositions submitted and cannot from such evidence and depositions find sufficient evidence to sustain the objectant’s contention. Any claimant making a claim against an estate must prove such claim by clear and convincing evidence. Such clear and convincing-evidence has not been presented in this proceeding. This court finds that the letter of instructions and transfer dated July 20, 1946 addressed to the Swiss Bank was in fact, a valid transfer and gift over to his son Roger of the account in question. The essential elements necessary to establish a valid inter vivos gift are intention and delivery. (Vincent v. Rix, 248 N. Y. 76; Matter of Babcock, 85 Misc. 256, affd. 196 App. Div. 903; Matter of Fonda, 206 App. Div. 61; Matter of Frothingham, 161 Misc. 317.) Both elements are present in this transaction. This account had been created in 1931 by the father for the benefit of his two sons *727 Alain and Roger. Under the terms of Ms trust agreement with the Swiss Bank he was to manage such account until his death and if at the time of his death his sons had not reached the age of 21, the management of the funds was to be taken over by his brother Roger Louis Prevost. Upon reaching the age of 21, title to the funds in question was to vest in his sons. The decedent’s brother Alain was a war casualty in 1944. What could be more natural than the desire of the father to properly care for his sole surviving son. Of even greater persuasion to this court is the fact that from 1947 until the date of his death the father André made no claim to these funds on behalf of himself.
A question has also been raised by the objectant as to the decedent’s domicile at the time of his death. With reference to this question the evidence that he was domiciled in the United States is overwhelming. The only proof offered by the objectant as to Ms being domiciled in France is the death certificate issued by the French authorities at the time of the decedent’s death in which they state he was domiciled in France. This is purely a hearsay declaration and has no probative value. Against tMs we have letters written by the decedent, statements made by him to the United States Treasury Department, and many other items wMch conclusively show his intention to remain domiciled in the United States.
The objectant has failed to sustain the burden of pr.oof as to its claim. The objections to the account are therefore dismissed.
Submit decree on notice accordingly.