John H. Galloway, Jr., J.
Plaintiff wife brings this action against her husband to replevy an automobile which she claims he gave her as a Christmas present in 1958, when the parties were living together. iShe asks for the possession of the chattel or the value thereof, and damages for the loss of use of the chattel since its taking and detention.
The testimony as to the alleged gift is conflicting. Plaintiff testified that on Christmas morning, 1958, the defendant presented her with a small Christmas package in which were two car keys and a card inscribed “ to Gill from Joe that he told her these were the keys to her new car, for which he had turned in her old Chevrolet, which she said he had given her two years previously; and that he showed the new car to at least three of their friends during Christmas Day, telling them that he had given it to his wife for Christmas. Their testimony confirmed the plaintiff’s testimony in this regard.
Defendant on the other hand testified that in 1956 he owned a 1949 Cadillac and an old Dodge, both registered in his name; that in 1956 he bought a used 1956 'Chevrolet, turning in the Dodge for it, which was registered in his name; that between 1956 and 1958 he drove the Chevrolet and Cadillac interchangeably, and that his wife also used the Chevrolet; that prior to Christmas 1958 he wanted to get a new car as a surprise for the family, and did so, purchasing and registering in his name a 1959 Chevrolet, which he presented to the family on Christmas morning; that he gave his wife a key to the new car, telling her, “ probably ”, that here is a new car for you to drive; and that he retained a key for himself.
Defendant also testified that thereafter during 1959 he drove both the Chevrolet and Cadillac until the latter broke down and was sold on November 1, 1959 for $60; that thereafter the family had only the Chevrolet, which he used regularly, as well as his wife. (Plaintiff had testified that in 1959 and 1960 defendant had driven the Chevrolet only about 10 times.) He testified further that he never intended to make an absolute gift of the 1959 car to his wife, but to give her the joint use of it.
The Chevrolet salesman testified that defendant on December 6,1958 told him he wanted the car to be a surprise for his wife, and that he wanted the bill of sale and registration made out in her name; that this could not be done since the car traded in was registered in defendant’s name, as was the car insurance. Defendant controverted this, saying that he initially requested registration in his name, from which it was never transferred, and that all insurance, repair and maintenance costs were paid by him. ; , ...
*967 These additional facts were established: In September or October, 1959, plaintiff commenced an action for separation against defendant. She resided with her children in defendant’s household through September, 1960. The action was tried in October and resulted in a decree in her favor in December, 1960. In August, 1960, while plaintiff and her children were vacationing in Milford, Connecticut, with the Chevrolet, defendant had the car repossessed. He found that the ignition lock had been changed. Plaintiff started this replevin action the same month.
A gift is not presumed, but must be established by clear and convincing evidence; and the burden of proof is upon the person claiming as donee. (Hemmerich v. Union Dime Sav. Inst., 205 N. Y. 366; 25 N. Y. Jur., Gifts, § 1; Matter of Kelly, 285 N. Y. 139.) To constitute a valid gift inter vivos, these conditions must be fulfilled: (1) An intention on the part of the donor to make a gift, that is, an intention clear and unmistakable to make a present transfer of ownership (Matter of Szabo, 10 N Y 2d 94; Farmers’ Loan & Trust Co. v. Winthrop, 238 N. Y. 477); (2) delivery to the donee of the thing given, which must be as perfect as the nature of the property and the circumstances and surroundings of the parties will reasonably permit (Vincent v. Rix, 248 N. Y. 76, 83; Matter of Szabo, supra; Beaver v. Beaver, 117 N. Y. 421); clear proof of delivery with donative intent is required (Hindus v. Newburger, 279 App. Div. 17, affd. 303 N. Y. 872); (3) the delivery must be such as to vest the donee with control and dominion over the subject matter of the gift, and to absolutely divest the donor of his dominion and control (Jackson v. Twenty-Third St. Ry. Co., 88 N. Y. 520; Matter of Van Alstyne, 207 N. Y. 298; Frick v. Cone, 160 Misc. 450, 456, affd. 251 App. Div. 781) ; and (4) acceptance by the donee.
In the case at bar we find that the defendant retained control and dominion over the car; its registration in his name was retained through two reregistration periods — January, 1959 and 1960; he retained a key to the car for himself from the beginning, used the car interchangeably with his Cadillac from Christmas 1958 to November, 1959, and thereafter used the Chevrolet at will when it was the only car in the household, up to August, 1960, when he had it repossessed from his wife’s ■Summer place in Connecticut; and he continued to carry the insurance on the car in his name. Defendant’s continued exercise of dominion and control over the car was inconsistent with his statements to his wife and their friends which sounded donative, and was inconsistent with a gift of it. Under these circumstances we cannot find the requisite delivery, and hence there could be no gift. (Matter of Van Alstyne, 207 N. Y. 298, *968 306.) Although the evidence is conflicting on the point, we find that the greater weight of the evidence sustains defendant’s contention that he did not intend on Christmas Day, 1958 to make an absolute gift of the car to his wife, but that he intended only to give her the joint use of the car.
Plaintiff relies upon Matter of Lines (21 Misc 2d 699, 701) and Matter of WernicJc (110 N. Y. S. 2d 218, 219) in support of her contention that delivery of keys is an adequate symbolic delivery of an automobile to establish a gift thereof, without transfer of registration. Both cases are distinguishable upon their facts and circumstances from those in the case at bar. Both involved gifts causa mortis-, in Matter of Lines, nine days before his death, which he predicted, the donor returned home to his brother-in-law’s house, he was obviously ill, needed assistance to his rooms after locking his car in its garage, said he would never drive a car again, and said to his brother-in-law “ Charlie, here are the keys (to -the car and its garage). It’s yours ”. (Parenthesis added.) The court said .that indorsement and delivery of the certificate of registration was unnecessary, because the symbolical delivery of the keys was sufficient, since the donor’s language showed a clear intent to make a gift and the circumstances showed he had done all that he considered necessary and all that needed to be done to effectuate that purpose — i.e., the surrender of dominion and control of the car to the donee. In Matter of WernicJc, the gift causa mortis was also of an automobile by one who was apprehensive of death by reason of ill health for which he was then in a hospital, who stated to his donee that he wished to give the automobile to him and implemented said wish by handing over the keys to him. This act was held sufficient to constitute a delivery since it was as perfect and complete as the circumstances and surroundings of the parties to the gift reasonably permitted.
On the other hand, it was held in Matter of Moore (46 N. Y. S. 2d 882) that there was no gift of a car to an alleged donee effectuated by transfer of the registration certificate, where the alleged donor thereafter retained possession of the car for his own use until his death eight days later. There the alleged donor also retained the keys, the license plates were never transferred, nor was the insurance changed.
We conclude that, while the defendant may have had the intent to make a transfer of ownership of the car to his wife when he purchased it in early December, 1958, and when he presented her a set of keys to it on Christmas Day, by retaining the registration and insurance in his own name, and a key for himself, he thereby failed to consummate his intention to divest *969 himself of title by transfer of ownership to his wife in an objective way. Under the circumstances here present, the appropriate and feasible means of accomplishing the transfer of ownership to the plaintiff was by defendant’s indorsement and delivery to plaintiff of the certificate of registration and car insurance. In their absence, there was not the delivery necessary to consummate a gift, and there was no gift. (Matter of Szabo, 10 N Y 2d 94, supra; Vincent v. Rix, 248 N. Y. 76, supra; Beaver v. Beaver, 117 N. Y. 421, supra.) Intention or mere words cannot supply the place of an actual surrender of control and authority over the thing intended to be given. (Vincent v. Rix, supra, p. 83.) In our opinion, plaintiff has failed to sustain the burden of proof required to establish the gift claimed.
It follows that plaintiff’s motion for judgment must be denied, and that defendant is entitled to judgment dismissing the complaint, without costs and disbursements.
Submit order for judgment in accordance herewith, on notice.