813 F.2d 400
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Judith FELTON, Appellee,
v.
Janet Felton COOPER, Appellant,
and
Richmond J. Cooper, Defendant.
 No. 86-2023.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 9, 1986.
Decided Nov. 5, 1986.
 
 Before WINTER, Chief Judge, ERVIN, Circuit Judge, and BUTZNER, Senior Circuit Judge.
 Robert T. Molloy (Phillips Reilly Collins, on brief), for appellant.
 Allen S. Reynolds, Sr. (Allen S. Reynolds, Jr., Reynolds, Smith & Winters, P.C., on brief), for appellee.
 PER CURIAM:
 
 
 1
 This case involves a dispute between two sisters, appellee Judith Felton and appellant Janet Felton Cooper, over the ownership of six pieces of lacquered furniture. The furniture formerly belonged to the parties' mother, Hope Felton, who had inherited it from her mother, Mrs. Gaston. Since Judith was Mrs. Gaston's godchild, Hope wanted Judith to have the furniture. After Hope gave Janet the furniture to hold for Judith, Janet refused to turn it over to her sister. Judith brought suit to establish title to the six pieces.
 
 
 2
 The parties agree that New York law on gifts controls, since the property was in New York at the time of the donation. That state requires donative intent, delivery, and acceptance for a valid inter vivos gift. See Elyachar v. Gerel Corp., 583 F.Supp. 907, 910 (S.D.N.Y.1984). Appellant attacks the second element, since Hope did not deliver the furniture directly to Judith.
 
 
 3
 A trial in the Eastern District of Virginia resulted in a jury verdict for Judith. On appeal, Janet argues that the evidence is insufficient to support a finding of a valid delivery, and hence a valid inter vivos gift to her sister.
 
 
 4
 We think the evidence is sufficient to support the jury's findings. Although handing the property to the donor's agent alone is inadequate, transfer to the donee's agent, or to someone on behalf of the donee, suffices for a valid delivery. See City Bank Farmer's Trust Company v. Hoey, 23 F.Supp. 831, 833 (S.D.N.Y.1938), aff'd, 101 F.2d 9 (2d Cir.1939). During this transfer, control and dominion over the gift must pass from the donor to the donee. See Scheideler v. Scheideler, 37 Misc.2d 965, 236 N.Y.S.2d 871, 873 (1962). Janet seizes upon these conditions, asserting that she never functioned as the donee's agent, and that the donor never relinquished her control over the furniture. Both of these contentions are unpersuasive.
 
 
 5
 Based on the jury charge and the evidence produced at trial, the jury could reasonably have found that Janet acted as an agent for both the donor, Hope, and the donee, Judith. The district court instructed the jury that delivery may be effected by transferring the property to someone other than the donee, if that third person agrees to act as an agent or on behalf of the donee. When Janet received the furniture from her mother for safekeeping, she functioned as her mother's agent; when Janet continued to hold the six pieces, and acknowledged Judith's ownership of them, she became, in turn, her sister's agent. The New York courts have recognized the existence of this "dual agency," with the third party acting first as the donor's agent, then as the donee's agent. See In Re Wilson's Estate, 26 Misc.2d 839, 206 N.Y.S.2d 323, 327-328 (1960).
 
 
 6
 Additionally, a finding that the donor gave up control and dominion over the furniture is supported by the evidence. Both parties testified that Hope transferred the furniture to Janet when Hope disbanded her husband's New York apartment. At this point, the six pieces were no longer readily accessible to Hope; she could not control their disposition. Cf. In Re Estate of Abramowitz, 38 A.D.2d 387, 329 N.Y.S.2d 932 (attempted inter vivos gift of bonds was ineffective, where donor retained key to safety deposit box which he held jointly with donee), aff'd, 32 N.Y.2d 654, 295 N.E.2d 654, 342 N.Y.S.2d 855 (1973).
 
 
 7
 Since the elements of a valid delivery and hence, a valid inter vivos gift are satisfied, the jury verdict must be affirmed.
 
 
 8
 AFFIRMED.